JOSEPH PEACOCK, Appellant, *v.* SAMUEL R. HAVEN, Administrator, etc., *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A party bringing suit against an administrator, or executor, is entitled to a judgment, although his claim was not presented within two years, if it is not otherwise barred.

The judgment is to be satisfied in due course of administration of the estate inventoried, if the claim is presented within two years; if presented afterwards, then the judgment is to be satisfied out of subsequently discovered and inventoried estate.

If instead of suing, a party having a claim against the estate, is sued by the representative of it, he can plead his claim by way of set-off, and if any balance is adjudged to him, it will be paid out of any estate thereafter discovered and inventoried.

THIS was an action of assumpsit brought by the plaintiffs below, administrator and administratrix of Ephraim C. Stowell, deceased, for the recovery of the amount of two promissory notes alleged to have been given by the defendant below to the said Ephraim C. Stowell, in his lifetime, one of $166.66, bearing date January 21st, 1854, and the other of no date, of $83.33. The declaration consists of two special counts. The first count is upon the note first above mentioned, and the second is upon the second note.

To this declaration the defendant pleaded two pleas. 1st. The general issue. 2nd. A plea of set-off in the usual form, alleging an indebtedness of the said Ephraim C. Stowell, in his lifetime and at the time of his death, to said defendant, in the sum of one thousand dollars, for work and labor, care, diligence and attendance of the said defendant by him and his servants, done and performed in and about the business of the said Ephraim C. Stowell, at his special instance and request, and for materials furnished said Stowell, and for goods, wares and merchandise sold and delivered to said Stowell by said defendant, and for money lent and advanced to, and money paid, laid out and expended for said Stowell; said defendant also filed with said plea of set-off, a bill of particulars of the same.

To this plea of set-off, the plaintiffs filed two replications on special leave:

1st. The general replication of *nil debet*, traversing said plea of set-off.

2nd. A replication alleging "that administration of the goods and chattels, and right and credits, which were of the said Ephraim C. Stowell, deceased, was granted to them on the 10th day of April, A. D. 1855, at the said county of Cook, by the Cook County Court of said county, and that said supposed

indebtedness from the said Ephraim C. Stowell, deceased, to said defendant, by the said defendant above pleaded in his second plea (plea of set-off,) was not exhibited to said County Court for adjudication, within two years from the granting of the letters of administration aforesaid, according to the form of the statute in such case made and provided."

To this second replication to said plea of set-off, the said defendant filed a general demurrer, and the plaintiff joined in demurrer. The court overruled said demurrer and held said second replication sufficient; the defendant stood by his demurrer; the said suit was thereupon, to wit: on the 22nd day of December, 1858, brought on for trial before said court, J. M. WILSON, Judge, presiding, and a jury. The plaintiffs introduced and read in evidence a note, of which the following is a copy:

"$166.66.

Two years after the fifteenth day of April next, for value received, I promise to pay E. C. Stowell or order, the sum of one hundred and sixty-six 66-100 dollars, at the Exchange Bank of H. A. Tucker & Co., Ill.

JOSEPH PEACOCK."

The plaintiffs gave no further or other testimony, except said note, and after entering a *nolle prosequi* as to the second count of their said declaration, rested their case; and the said defendant thereupon called as a witness *James E. Roe*, who being sworn, said defendant offered to prove by him his set-off which he had pleaded, to which offer said plaintiffs, by their counsel, objected; the said court then and there sustained said objection and rejected said offer, to which decision the said defendant then and there excepted. The defendant offering no further testimony, the case was submitted to the jury, who returned a verdict for the plaintiffs for one hundred and ninety-three dollars and forty-eight cents damages, and said defendant thereupon moved for a new trial, which motion the court overruled and the defendant excepted. Judgment was thereupon rendered against said defendant upon said verdict, and the defendant took an appeal to this court.

The appellant assigns the following as grounds of error:

1st. The court erred in overruling said demurrer to said second replication to said plea of set-off, and deciding that said second replication is sufficient in law.

2nd. The court erred in rejecting said offer of said defendant to prove on trial his set-off, which he had pleaded.

3rd. The court erred in overruling said motion for a new trial.

4th. The verdict of said jury is against law and evidence.

5th. The judgment in this cause is erroneous, and contrary to law and evidence.

GOODRICH, FARWELL & SMITH, for Appellant.

C. HAVEN, for Appellees.

BREESE, J.   The demurrer of the appellant to second replication of the plaintiff below to the defendants' plea of set-off, presented this question for the decision of the court below:  Does the 115th section of chapter 110 R. S., title "Wills," (Scates' Comp. 1206) absolutely bar a claimant from all rights of recovery or set off, for the reason that he did not present his claim to the court for allowance, within two years from and after the grant of letters of administration ?

By sustaining the demurrer, the court decided it was an absolute bar and in this, erred.

As we understand that section and as it has been construed by this court and as its plain language seems to import, a claim is not barred, if not presented within two years, but simply the right to claim a distributive share in, or any participation out of the property actually inventoried.   *Judy* v. *Kelly*, 11 Ill. R. 211 ; *Bradford* v. *Jones*, 17 ib. 93.

A plea of set-off is nothing more nor less than a cross action, and if in the action the claimant would not be barred of a recovery, so neither can he be barred from pleading his set-off. The principle is the same in such case, whether he be *actor* or *reus*, for it is the balance only which may be due from the one to the other, which constitutes the real claim for or against an estate.

The debt in this case against the intestate was contracted in his lifetime, and to its extent, extinguished the debt due from the claimant to the intestate.   The presentation of the claim to the administrator within the two years could only have the effect of notifying him there was such a claim against the estate, and enabling the claimant to share in the effects actually inventoried, but it would contribute in no degree to the validity of the claim.

The ground on which the set-off is admitted is that to the extent of the claim presented as a set-off, if proved, there is a mutual extinguishment of the demands of the respective parties.

The various provisions for the distribution of the estates of decedents, in our statute of "Wills," from section 95 to section 137, are for the purpose not only of liquidating the demands existing between the intestate and his creditors, at the time of his death, but for ascertaining balances.   If the balance be against the estate it is to be so entered by the court that the condition of the estate may be known, and if insolvent that the creditor may receive his dividend.   If the balance be against the creditor, there is no entry of that fact made by the court, for balances

3

against the estate only, are to be found and entered. In such case, if the executor or administrator sue, such creditor must have the right, resulting from the design of the statute itself, to plead his own demand by way of set-off, and the executor or administrator can only recover the balance, for that balance is all that is due the estate. If a creditor claims a balance in his favor, and it is so found, we see no reason why a judgment may not pass against the executor or administrator for such balance, to be paid as other debts against the intestate, out of assets to be discovered and inventoried, and this, to avoid an unnecessary suit. The result of this reasoning is, that a party bringing suit against an executor or administrator and proving his claim, is entitled to a judgment, whether his claim was presented within two years or not, provided it be not barred by the general act of limitations. If he does exhibit it, his judgment is to be satisfied in due course of administration of the estate inventoried. If he does not exhibit it, then his judgment is to be satisfied out of such property as may be subsequently discovered and inventoried. If, instead of suing, he is sued by an executor or administrator, he can plead his claim by way of set-off, and the balance be adjudged to him to be paid out of any estate thereafter discovered or inventoried.

The judgment of the Common Pleas is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.

*Judgment reversed.*