Granjang *v.* Merkle.

time plaintiff moved into the house, which it was expected would be about a week; contract took place about fore part of August, 1858; family in the house did not move out for several weeks after making of contract, and not until Comstock sold the land. Drawing the posts, rails, hay and wood on to the land, was all done in pursuance of the contract. Witness knows of no claims of plaintiff, except those growing out of the contract. The contract was an oral one; there were no writings connected with it.

Defendant asked the court to give the following, among other instructions, to the jury:

3. If the jury believe, from the evidence, that the full completion of the contract sued on was not to be performed within the space of one year from the making of such contract, then no action can be maintained on such contract, unless some writing was made and signed by the party to be charged therewith, upon which the action was brought. If the plaintiff has proved no demand except such as depended upon a parol contract not to be performed within a year, he cannot recover upon them, and the law is for the defendant.

The court refused to give the said instruction, and defendant excepted.

B. C. Cook, for Appellant.

W. K. McAllister, for Appellee.

22  249
131  470
22  249
40a  91
22  249
77a  413

---

# Nicholas Granjang, Plaintiff in Error, *v.* Margaret Merkle, Defendant in Error.

### ERROR TO COOK.

To recover costs in an action against an executor or administrator, there should be proof of a compliance with the requisitions of the statute in that regard. Averments to that effect need not be made in the declaration.

A court of general jurisdiction will be presumed to have acted upon the necessary evidence.

If an administrator is sued before the expiration of the year, he can plead the fact; the declaration need not make the averment that a year has lapsed.

Execution should not be awarded against administrators.

THIS was an action of assumpsit by an administratrix against an executor. The plea was the general issue. There was a trial and judgment for Merkle as administratrix, against Granjang as executor. The judgment was for $236.25 and costs, with an award of execution against Granjang, as executor.

A. WINDETT, for Plaintiff in Error.

NISSEN & BURGESS, for Defendant in Error.

WALKER, J. It is insisted that to entitle a plaintiff to recover his costs against an executor or administrator, there should be an averment in the declaration that the claim sued for had been presented in proper time for allowance in the Probate Court, and that a demand had been made for the debt before suit was brought. In support of this position, some portion of our statute of Wills has been referred to. The 95th section, page 557, R. S. 1845, requires executors and administrators to fix upon some term of the Probate Court, within nine months after obtaining letters, for the settlement and adjustment of all claims against the estate of decedent; and it enacts in a proviso, "That estates shall be answerable for the costs on the claims filed at or before said term, but not after." And the 101st section provides that, "No action shall be maintainable against any executor or administrator for any debt due from the testator or intestate, until the expiration of one year after the taking out of letters testamentary or administration, except as herein excepted; nor shall any person suing after that time, recover costs against such executor or administrator, unless a demand be proved before the commencement of such suit; but in all other cases, both executors and administrators shall be liable to pay costs, as other persons." It is believed that these are the only provisions of our statute having any bearing on this question; and they only entitle plaintiffs to recover costs against executors and administrators, upon a compliance with these provisions. At common law, neither plaintiffs nor defendants were entitled to recover costs. The whole question of costs in courts of law, is regulated and governed by statute. But since costs were given by statute, the form of the pleadings has remained the same as before, they do not aver that the party is entitled to or prays judgment for costs; but courts have always treated them as incident to the

judgment in the case, and have given them, when authorized by the statute, without reference to the form of the pleadings. It would be necessary, to authorize the court to render a judgment for costs against an executor or administrator, that there should be proof of a compliance with the statutory provisions. And in support of a judgment of a court of general jurisdiction, the law presumes that the court acted upon the necessary evidence. We are of opinion that there is no weight in the objection that these averments were not made in the declaration in this case.

It was insisted that the declaration should have contained an averment, that one year had expired after letters testamentary were granted to defendant, before this suit was brought. The language used is almost precisely that adopted by the legislature in the statute of Frauds and Perjuries, where it is provided that no action shall be brought whereby to charge any executor or administrator on any agreement to answer for any debt out of his own estate, or to charge any person on an agreement for the debt, default, or miscarriage of another person, unless the agreement, or some memorandum thereof shall be in writing, and signed by the party to be charged. And yet, it has never been the practice to require the plaintiff suing on such agreements, to aver that the agreement was in writing, in cases where the same would be binding independent of that statute. Gould Pl., chap. 4, sec. 43, p. 191. Statutes of limitation are all nearly in the same language, and it has always been held that to be available as a defense it must be pleaded. 1 Chitty Pl. 515. It is also a general rule of pleading, that it is not necessary for either party to allege more than will constitute *prima facie* a sufficient cause of action or defense. Gould Pl., chap. 3, sec. 193; 1 Saunders, 299. In this case, the plaintiff by her declaration *prima facie* shows a right to recover, as clearly and fully as in a case barred by the statute of limitations, or in a case prohibited by the statute of Frauds and Perjuries. This provision, like the others, is intended for the benefit of the executor or administrator, and it is intended to exempt him from being harrassed and vexed with suits and costs, until he shall have had time to convert the estate into money. If he desires to avail himself of this privilege, he must plead and rely upon the statute.

It is assigned for error that the judgment awards execution. It has been repeatedly held by this court that such judgments against executors and administrators are erroneous. *Welch* v. *Wallace,* 3 Gilm. R. 497, and cases cited.

The judgment of the Circuit Court will be reversed, with the costs of this writ of error, and a judgment will be entered in this court in favor of Merkle and against Granjang, as executor,

for the amount of the verdict, for $236.25, with interest thereon from the 28th day of December, 1855, and costs in the Circuit Court, to be paid in due course of administration.

*Judgment reversed.*