Julius Rosenthal, Administrator of the estate of
Michael Doyle, deceased,

*v.*

John Magee.

1.   Administration of estates — *in what forum a creditor of an estate may have his remedy.*   A creditor of an estate is not compelled to present his claim to the probate court for allowance, but can choose his forum, and resort in the first instance to the Circuit Court, if that court has jurisdiction.

2..   Costs *in suits against administrators — construction of the statute of " Wills' in that regard.*   It is not essential that a creditor of an estate should present his claim to the probate court at the term appointed by the administrator for that purpose, under section 95 of the statute of " Wills," to entitle him to recover costs in a suit subsequently brought against the administrator.   That section, in providing, that if claims are not presented at such term the estate shall not be liable for the costs on any claim presented thereafter, has reference alone to claims presented to the probate court.

3.   So the creditor, without having presented his claim to the probate court, may sue the administrator in the Circuit Court, after the term thus appointed for prosecuting claims to the probate court, upon the expiration of a year from

the taking out of letters of administration, as provided in section 101 of the same statute, and recover his costs in such suit, if he prove a demand before the commencement thereof.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The case is stated in the opinion of the court.

The question presented is, whether a creditor of an estate may recover costs in a suit against the administrator, commenced in the Circuit Court after having made a demand, but without having presented his claim to the probate court at a term which had been appointed by the administrator for that purpose.

Mr. JULIUS ROSENTHAL and Messrs. HIGGINS & SWETT, for the plaintiff in error, stated that the defendant in error claimed the right to recover costs under the 101st section of the statute of " Wills," but that an examination of the history of the legislation in this State would show the rule to be otherwise. Under sections 95 and 97 of the laws of 1829, in relation to wills (Gale's Stat.), there is no doubt that an administrator was liable for costs, after demand. But counsel contended that section 101 of the statute of wills, as it appears in the revision of 1845, was so far modified by the act of 25th February, 1833 (Gale's Stat. 722, § 5), as to require that every claimant should, in order to recover costs, present his claim to the term of the probate court fixed upon by the administrator.

In the revision of 1845 the original sections are to be found, but they were improperly preserved in that revision.

As the law is now, a demand of the administrator would be of no practical benefit, as he cannot pay a claim or even allow it, without its being proved before the County Court. *Reitzell* v. *Miller*, 25 Ill. 67; R. S. title " Wills," §§ 118, 122, 124.

When the 101st section was originally passed, and before the 95th section was enacted or became a law, a demand could be made, and then the statute meant something, as the administrator could allow the claim or reject it. But since that sec-

tion of the statute was in force, viz., since February 25, 1833, the provisions in regard to recovering costs by making a demand, has not been in force, unless it is also shown that the claim was duly presented as required by the 95th section.

It is believed that this view of the case is fully sustained by the case of *Granjang* v. *Merkle*, 22 Ill. 249.

In the case of *Bullock* v. *Bogardux et al.*, 1 Denio, 276, it was held, under a similar statute, that, if a party failed to present his claim within nine months, or the time fixed by the statute, he could not recover costs, even though the administrator had wholly failed to give the notice which the statute required should be given. But, where the notice has been given, as is admitted in this case, and the claim has not been presented as required by law, it would seem there should be no doubt about this question.

Messrs. Goodrich, Farwell & Smith, for the defendant in error.

1. The proviso in section 95, statute of wills (Revision of 1845), exempting estates from costs unless claims are filed on or before the adjudication term of the probate court, relates only to costs of the probate court.

This is evident from the language of the section.

2. The actions referred to in section 101 of statute of wills, are not the statutory proceedings for proving up claims in the probate court, but they are suits at law or in equity, brought against the administrator in any court having common law jurisdiction. Claims may be proved up in the probate court at any time after letters are taken out. The regular adjudication day should be within nine months (§ 95), and distribution may be ordered at the end of a year (§ 124). But the actions referred to in section 101 cannot be brought within a year.

3. The jurisdiction of the probate court is not exclusive.

A person having a valid claim against an estate, is not compelled to present it in the probate court or lose his debt.

If it is of a nature that the probate court has jurisdiction, he may present it there; but it may be an equitable demand, of such a nature that the probate court cannot pass upon it. *Pahlman* v. *Graves,* 26 Ill. 405.

The creditor may choose his forum. He can bring his suit in the Circuit Court. The legislature cannot deprive him of this right, for the Constitution provides (Constitution of Illinois, art. 5, § 8) "that said (Circuit) courts shall have jurisdiction in all cases at law and in equity."

Suits against executors and administrators are not a modern invention. They are not given by statute, but are known to the common law; and the Constitution secures unto the Circuit Court jurisdiction in these well known "cases."

An examination of the reported decisions of the Supreme Court will show that it has been the practice to try such suits in the Circuit Court, in the first instance. See *Peacock* v. *Haven's Adm'rs,* 22 Ill. 23; *Granjang* v. *Merkle,* 22 id. 249 *Judy* v. *Kelley,* 11 id. 211.

Mr. Justice Breese delivered the opinion of the Court:

The question presented by this record, involves the construction of certain sections of the chapter entitled "Wills," which do not seem entirely harmonious. They are sections 95 and 101.

An action of assumpsit was brought in the Cook Circuit Court upon a promissory note made by Michael Doyle to John Magee, and against Julius Rosenthal, administrator on the estate of Doyle. The pleas were the general issue — denial of the execution of the note — that it was assigned after maturity and set off.

The jury found for the plaintiff and assessed the damages at six thousand three hundred and thirty-two dollars, on which verdict judgment was rendered.

The following stipulation was entered into, on plaintiff's motion that the costs be awarded to him:

"It is hereby stipulated and admitted, that the defendant took out letters of administration on the 15th day of January,

1863, and gave the notice required by the statute, for creditors to present their claims for adjudication, for the March Term of the County Court, 1863; and that the plaintiff, before the commencement of this suit, caused the note upon which this suit is brought, to be presented to the defendant, and requested payment thereof of him, as administrator of the estate of Michael Doyle, deceased, which payment was refused, and that such presentation, demand and refusal were proved by the plaintiff's witnesses on the trial of this suit.    And the said claim was not presented in the County Court, and that no other demand was made than that above mentioned."

Whereupon, the court rendered the following judgment:

" That the plaintiff do have and recover of the defendant, as administrator as aforesaid, his damages of $6,332, in form aforesaid, by the jury aforesaid assessed, together with his costs and charges about his suit in this behalf expended, to be paid in the course of administration."

The cause is brought here by writ of error; defendant assigning as error this judgment for costs against him as administrator.

It is insisted by the plaintiff in error, that all claims must be presented at the term of the probate court, appointed by the administrator, under section 95 of the statute of " Wills," for the adjustment of claims against the estate, and if not so presented, the estate is not liable for the costs on any claim presented thereafter.    Scates' Comp. 1205.

It is very apparent this section has reference alone to claims presented to the probate court.

Section 101 of the same statute provides, that no action shall be maintainable against any executor or administrator for any debt due from the testator or intestate until the expiration of one year after the taking out letters testamentary or of administration, except as is herein excepted; nor shall any person suing after that time recover costs against such executor or administrator, unless a demand be proved before the commence-

ment of such suit; but, in all other cases, both executors and administrators shall be liable to pay costs as other persons. Id. 1206. Section 102 provides, that suits to recover claims shall not be brought, unless within one year next after such executor or administrator shall have settled his accounts with the court of probate.

The proposition of plaintiff in error, that no suit can be brought against an administrator, unless he has presented his claim for allowance, to the court of probate, does not seem maintainable, for section 116 provides, that the manner of exhibiting claims against an estate may be by serving a notice of the claim on the administrator, or presenting him the account, or filing the account with the court of probate, while section 117 preserves the distinction between a claim filed, and a suit brought on it.

The case of *Reitzell et al.* v. *Miller*, 25 Ill. 67, simply decides that an administrator cannot submit a claim against the estate he represents to arbitration, and that an administrator has no power to admit a claim so as to bind the estate.

The case of *Granjang* v. *Merkle*, 22 Ill. 249, refers to sections 95 and 101 of the statute of wills, but no decision is made or opinion intimated, that a suit cannot be maintained under the latter section after a demand is made, for that section expressly so provides, and it is expressly agreed a demand was made before suit brought.

Though there is not perfect conformity between these sections, yet we think they can both be made operative by confining section 95 to cases in the probate court, to which it is evidently directed, and section 101 to cases arising in the Circuit Court, by original suit.

A creditor of an estate is by no means compelled to present his claim to the probate court for allowance,—he can choose his forum and resort in the first instance, to the Circuit Court, if that court has jurisdiction. Many circumstances may concur to prevent an application to the probate court. The Circuit Court is always open to all kinds of actions. If the bar of the statute of limitations can be set up, the party claim-

ing will be defeated, but if it is not, and the estate inventoried has been settled, the claimant can, notwithstanding, recover his judgment and collect the proceeds out of assets thereafter to come to the hands of the administrator. *Peacock* v. *Havens, Admr.*, 22 Ill. 23; *Judy* v. *Kelley*, 11 id. 211; *Granjang* v. *Merkle*, before cited.

On careful consideration, we are of opinion that these sections are not so inconsistent that they cannot both be enforced. It is not for us to say the legislature did not design that both should be carried into effect in the manner we have here intimated.

The judgment of the court below is affirmed.

*Judgment affirmed.*