## THE WILLIAM BUTCHER STEEL WORKS

*v.*

## FREDERICK M. ATKINSON.

| 68 | 421 |
|---|---|
| 30a | 87 |
| 68 | 421 |
| 42a | 261 |
| 68 | 421 |
| 45a | 465 |
| 68 | 421 |
| 159 | 533 |
| 68 | 421 |
| 58a | 527 |
| 68 | 421 |
| 61a | 564 |
| 68 | 421 |
| 196 | ²297 |

1. STATUTE OF FRAUDS—*contract extending beyond one year.* A verbal contract to enter the service of another for the period of three years, is within the Statute of Frauds, and can not be enforced.

2. SAME—*contract, when avoided after partial performance, does not control as to the compensation.* Where the plaintiff was employed verbally to enter the service of the defendant for the period of three years, and was to have the exclusive agency of selling goods manufactured by the defendant, in certain territory, and on all sales was to receive a commission of five per cent, and he performed services under the contract for ten months, when he was discharged without cause, and the defendant, when sued for a breach of the contract, pleaded the Statute of Frauds in avoidance of the contract, it was *held*, that the plaintiff might, under the *quantum meruit* counts, recover what the services performed by him and the expenses incurred by him were reasonably worth, and was not bound by the contract as to his compensation. The contract, being avoided without his fault, no longer furnished the measure of his recovery.

APPEAL from the Superior Court of Cook county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. HOWE & RUSSELL, for the appellant.

Mr. ISRAEL HOLMES, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, in the Superior Court of Cook county.

The declaration contained two special counts and the common counts.

It is averred in the special counts that appellee entered into the service of appellant for a term of three years from April, 1869, and was to have the exclusive agency for the sale of its goods in certain territory therein named, and on all sales he was to have a commission of five per cent; that in February, 1870, appellant discharged appellee without cause, and prevented him from realizing the large profits he would have made, and avers the loss of these profits as his damages.

To the declaration the defendant pleaded the general issue and the Statute of Frauds.

At the July term, 1873, a trial was had before a jury. The issues were found for plaintiff, and his damages assessed at $11,375. A motion for a new trial was made, and overruled on plaintiff remitting $2375, and the court entered judgment for $9000.

It is shown by the record, that about the 1st of April, 1869, appellee made a verbal contract with William Butcher, who was president of and acting for appellant, that appellee should have the exclusive agency of the William Butcher Steel Works, with headquarters at Chicago, for the whole territory west of a line drawn through Cleveland north and south. Appellee was to sell their manufactures, which were principally locomotive steel tires, cast steel brakes, cast steel car wheels, manufactures of steel supplies. The contract was to continue for three years. Appellee was to receive for his services a commission of five per cent upon all sales made by him or his agents. Appellee or his agents was to canvass the territory and introduce the goods, which were little known in the West, appellee to pay his own expenses.

Appellee employed one Sebold, a competent assistant, who canvassed and traveled principally in the Southern States, and appellee himself spent his time mostly in the West. The two seemed to have worked faithfully, and at the end of ten months appellee had sold $22,000 of appellant's goods, when, without any cause, appellant terminated the contract, and

discharged appellee from any further service. When this occurred the business seems to have been in a prosperous condition, and daily increasing.

On the trial of the cause the appellant, having pleaded and relied upon the Statute of Frauds to defeat a recovery for a breach of the contract, the court, against the objection of appellant, permitted appellee, under the common counts, to prove the value of his services and that of his agent, and the expenses by them paid out during the ten months appellee was working for and in the service of appellant.

Without giving a detailed statement of the testimony, it seems to be sufficient to justify even a larger judgment than was rendered.

Upon the evidence, the court, for appellee, substantially instructed the jury that appellee was entitled to recover the reasonable worth of his services, including expenses in the employment of an agent, and his own expenses prudently incurred while he was in the service of appellant, and refused defendant's instructions to the effect that the contract price determined appellee's compensation.

The question for determination in this case, then, is, can appellee recover the true value of his services, or does the contract price conclude him as to the amount of recovery?

The contract proven in this case was clearly within the Statute of Frauds, and when the appellant pleaded and relied upon the statute, no recovery could be had on the contract. *Granjang* v. *Merkle*, 22 Ill. 249.

By the act of appellant the contract became and was void, yet it insists that this void contract shall control appellee; that the contract price is the only measure of the value of his services; that the contract shall be void for the protection of appellant, and in force and valid for the destruction of appellee's cause of action.

This position is neither equitable nor is it well founded in law. The cases cited in our own court by the attorneys of appellant do not sustain their position. The first case to

which we are referred is *Folliott* v. *Hunt*, 21 Ill. 654, in which the court say: "We have repeatedly decided that where work is done under a special contract, the price of the work must be governed by the stipulations of the contract, although the party may be justified in abandoning the contract and bringing his action for the *quantum meruit* of the work. If, under the circumstances, the plaintiff has suffered damages by the breach of the contract over and above the price of the work fixed by it, he must recover for such breach, but that can not influence the price he shall recover for the work he has done."

In this case cited, the contract proven was conceded to be valid and binding between the parties; it was not a contract rendered void by the Statute of Frauds. The statute was not relied upon as a defense. In such a case, where the contract is obligatory on each party, it can with justice and propriety be said the price of the work must be governed by the stipulations of the contract, and leave the plaintiff to recover damages in addition, for a breach thereof.

But in the case under consideration, no recovery can be had on the contract, for the reason that it is void; no damages could be recovered for a breach of the contract, for the same reason; and upon the same principle, the contract being void, the value of appellee's services can not be concluded by its terms.

This position seems to be sustained by the authorities. In Brown on Statute of Frauds, sec. 118, it is said: "One who has rendered services in execution of a verbal contract which, on account of the statute, can not be enforced against the other party, can recover the value of the services upon a *quantum meruit*." See also *Shute* v. *Dorr*, 5 Wendell, 204.

The cases of *Evans* v. *Chicago and R. I. R. R. Co.*, *Bingham* v. *Hervley*, *McClelland* v. *Snyder*, *Springdale Cemetery* v. *Smith*, and *Homes* v. *Stummell*, cited by appellee, where the same doctrine is held as in *Folliott* v. *Hunt*, are all cases where the contract proven was valid and binding.

We are, however, referred to *Swanzey* v. *Moore*, 22 Ill. 65, as authority upon this case. In that case, the defendant did not rely upon the Statute of Frauds. He insisted upon enforcing the contract as made, and hence the wide distinction between that case and this. It was there held, if Moore agreed to work for one year for $200, and before the expiration of the time abandoned the service of Swanzey without cause, he could not recover.

The case of *King* v. *Brown*, 2 Hill, 485, also cited by appellant, is a case where the entire amount of work named in the contract had been performed, and the court held a recovery could not be had beyond the contract price.

Appellee was willing to stand by the contract as made, and be controlled by it as to pay for his services, but, at the same time, he insisted on damages for its breach by appellant.

In order to defeat this, appellant pleads the Statute of Frauds, which declares the contract void. Appellee then resorts to the *quantum meruit*, and insists on a recovery for the value of the services rendered.

The contract having been rendered void by appellant, we must regard it void for all purposes. That, then, left the parties in this position: appellant had secured the services of appellee; no contract was in existence that determined the amount that should be paid for the services rendered. The law then would raise the implied contract that appellee should receive what the evidence would show his services reasonably worth from appellant.

Appellee's evidence was introduced on this theory, and his instructions to the jury were based on this principle, which we think was correct.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*