McClure et al., Administrators, v. The Board of County Commissioners of the County of La Plata.

1. Relief—Prayer.

If the facts set forth in the complaint are established by the evidence, any relief to which the plaintiff is entitled should be granted regardless of the prayer.

2. Administration—Presentation of Claims.

Claims against the estates of deceased persons which are sued upon in the district court within one year from the time of issuing letters of administration stand upon equal footing with those filed in the county court within the same time.

3. Same—Judgment.

Actions on claims against estates may, in the first instance, be brought in the district court after the expiration of one year from the time of issuance of letters of administration, but the judgments are to be satisfied out of property not inventoried or accounted for by the administrator.

4. Same.

A creditor of an estate may, notwithstanding the statute of nonclaim, bring his action at any time after the granting of letters of administration, provided it is not barred by some other statute, and recover judgment presently for the amount due, to be satisfied out of any assets of the estate not inventoried or accounted for.

*Appeal from the District Court of La Plata County.*

Messrs. Russell & Ritter, for appellants.

Messrs. Galbreath & Searcy, for appellee.

Mr. Justice Campbell delivered the opinion of the court.

In 1887 John Reid was elected county treasurer of La Plata county. During his term of office he collected taxes belonging to the county, some of which were not accounted for by him, or turned over to the county in his behalf. In 1890 he died intestate, leaving property which came into the hands of the administrators of his estate, who were appointed and qualified as such in March of that year.

This action was instituted by the board of county commissioners in January, 1892, against the administrators to recover the amount of taxes belonging to the county not turned over to it; and additional relief was prayed that the judgment for the sum found to be due should be made a preferred claim against the property that had come into the hands of the administrators, upon the ground that it was, in part at least, the proceeds of the trust funds of the county.

Upon the first trial the district court gave judgment against the administrators of the estate for the amount found to be due, and made the same a first lien upon the assets of the estate then under their control. Upon an appeal to this court from that judgment, it was reversed on the ground of a failure in the proof to show that any of the trust funds wrongfully converted by the treasurer went into the assets that came into the hands of the administrators. The opinion is reported in 19 Colo. 122.

At the second trial the district court found that the sum of $13,330.07 was due to the county, and gave judgment for that sum; but inasmuch as the action was not brought until after the expiration of more than one year from the time letters of administration were granted, it was adjudged that this amount was " to be recovered and paid out of property belonging to the estate of said John Reid, deceased, which has not been inventoried, in accordance with the provisions of subdivision 4 of section 4780 of Mills' Annotated Statutes."

From this judgment the administrators have appealed, and seek to reverse it upon two principal grounds. The section of the statute cited provides that all demands not exhibited in the county court for allowance within one year from the time letters of administration are granted shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the administrator, in which case his claim shall be paid *pro rata* out of such subsequently discovered estate.

Section 4792 of Mills' Statutes provides that creditors who

may bring their actions in the district court at any time within one year from the issuing of letters of administration shall share in the proceeds of the estate in the same manner as if such demand had been exhibited in the county court within the same time.

The first error assigned and argued is that this action was instituted to establish a trust and to follow the trust funds belonging to the county into the hands of the administrators, and to compel them to apply such funds to the satisfaction of plaintiff's judgment, before satisfying any other claims against the estate.    Failing in this, it is said that the court lost jurisdiction to proceed further, and to do so would change the character of the action from one in equity into an ordinary action at law for the recovery of a money judgment.

This, however, is a misconception of the character of the action, as well as an error as to the scope and effect of our code procedure.    If the facts set forth in the complaint are established by the evidence, any relief to which the plaintiff is entitled should be given by the court, regardless of the prayer for relief.    Before the court, in any event, could establish a lien it was necessary that a money judgment should be rendered.    The mere fact that the evidence does not warrant the court in following the trust fund and impressing upon it a lien does not preclude it from rendering a judgment against the defendants for such sum as it may find to be due.    *Kayser v. Maugham*, 8 Colo. 232; *Nevin et al. v. Lulu & White S. M. Co.*, 10 Colo. 357.

The other objection is, that since the board did not begin this action in the district court, or exhibit its claim in the county court, within one year from the time letters of administration were granted, it could not thereafter sue upon the claim in the district court, but must go before the county court, there file its claim, and if successful in discovering property belonging to the estate not then inventoried or accounted for, the county court may allow its claim to be paid out of such discovered assets.

We think this objection not tenable.    A proper construction of the sections of the statute cited is that claims which

are sued upon in the district court within the year stand upon an equal footing with those filed in the county court within the same time, and that actions on claims may, in the first instance, be brought in the district court after the expiration of one year (and are not barred), the same as can claims be exhibited in the county court after the expiration of that period; but the judgments upon such claims in the district court are to be satisfied the same as are claims filed in the county court after the year, viz., out of property not inventoried or accounted for by the administrators.

In the case of *Thorn v. Watson, Admr.*, 5 Gilman, 26, a case similar to the one at bar, the supreme court of Illinois in construing a section of their statute from which ours seems to be taken, held that it did not prevent the bringing of an action at any distance of time, provided the same was not barred by some other statute, if the creditor could discover property not inventoried or accounted for by the administrator; and that such creditor had the right to have his claim passed upon by the court and recover a judgment presently for the amount due, if anything, to be satisfied out of any estate that might be found not inventoried or accounted for by the administrator.

The doctrine of this case was followed by the same court in the cases of *Judy et al. v. Kelley*, 11 Ill. 211; *Bradford v. Jones*, 17 Ill. 93; *Peacock v. Haven, Admr., et al.*, 22 Ill. 23; *Rosenthal, Admr., v. Magee*, 41 Ill. 370.

These cases are authority for the proposition that, although the claim of the creditor is not sued upon in the district court within the year, nevertheless the same is not thereby barred. The only effect of such failure to sue within that time is that the creditor is deprived of the right to a distributive share in the inventoried assets. The suit may proceed to judgment, which, however, must be special in character, and limited, as in the judgment here reviewed, to a satisfaction out of uninventoried property of the estate.

Perceiving no error in the record, the judgment below is affirmed.

*Affirmed.*