## W. W. Watts, Ex'r, etc., v. John P. Hoffman et al.

1. Statute of Limitations—*When it Begins to Run on Notes, with Provision that on Default in the Payment of Interest, the Entire Debt Becomes Due.*—A provision in a note and mortgage that upon default in the payment of interest, the entire debt shall immediately become due and payable, is permissive only. It does not of itself cause the notes to mature, so as to start the running of the statute of limitations.

2. Execution—*Error to Award Costs and Execution Against an Executor.*—On the dismissal of a bill against an executor, it is error to award execution against the executor for costs. A recovery against an administrator or executor should be adjudged to be paid in due course of administration.

**Bill of Foreclosure.**—Trial in the Circuit Court of Clay County; the Hon. Edmund D. Youngblood, Judge, presiding. Finding and decree for defendant on demurrer. Error by plaintiff. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

W. W. Watts, attorney *pro se.*

B. D. MUNROE, attorney for defendants in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery filed on the 26th day of February, 1895, in the Circuit Court of Clay County, to foreclose a mortgage given by John P. Hoffman and Maria Hoffman, two of defendants in error, to. the testator of plaintiff in error, to secure five notes of date November 20, 1882, for $230, each bearing eight per cent interest from date, to be paid one, two, three, four and five years, respectively, after date. Each note, except the one to be paid in one year after date, contained the following: "Interest payable yearly, and if interest is not paid when due, the whole of this note to fall due;" and the mortgage contained: "But it is expressly provided and agreed, that if default be made in the payment of the said five promissory notes or any part thereof, or the interest thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, or in case of waste or non-payment of taxes or assessments on said premises, or of a breach of any of the covenants or agreements herein contained, then, and in such case, the whole of said principal sum and interest, secured by the said five promissory notes in this mortgage mentioned, shall thereupon, at the option of said mortgagee, * * * become immediately due and payable."

The bill averred that the makers had not paid the principal sum of said notes or the interest thereon or any part thereof. A demurrer was interposed, upon the ground that under the above averment and the terms of the notes set out in the bill, the whole debt matured at the end of the first year, so that the statute of limitations began to run; and that at the time of filing the bill, all right of action, as to all of said notes, was barred.

The trial court sustained the demurrer, dismissed the bill, and ordered execution to issue against executor for costs.

We are of opinion the learned chancellor erred in his disposition of the case. A provision in a note and mortgage

that upon default in the payment of interest, the entire debt shall immediately become due and payable, is permissive only. It does not of itself cause the notes to mature, so as to start the running of the statute of limitations. Nebraska City National Bank v. Nebraska City Gas Light & Coke Co., 4 McCrary's Reports 319; Richardson v. Warner, 28 Federal Reporter, 343.

Had it been proper to dismiss the bill, still it would be error to award execution against the executor for costs. A recovery against an administrator or executor, should be adjudged to be paid in due course of administration. Welch, Adm'r, v. Wallace, 3 Gil. 490; Granjang v. Merkle, 22 Ill. 249.

The order, decree and judgment of the Circuit Court are reversed and cause remanded.