[No. 5888.]

Lovell v. Goss.

1. **Statute of Limitations—When Cause of Action Accrues** —A deed of trust securing promissory notes and providing that, upon default in any installment of interest, the whole principal and interest to the time of sale * * * "may at once become due and payable, * * * and the said premises be sold with the same effect as if the indebtedness had matured," if the creditor, after such default, elect to take advantage thereof and direct a sale of the premises pursuant to the power, the cause of action upon the note accrues, and the statute runs, from the time of the default.—(312)

2.  Contracts—Construction — A promissory note is to be construed in connection with the deed of trust of lands securing it.—(308-314)

*Error to Denver District Court*—Hon. FRANK T. JOHNSON, Judge.

Mr. W. W. DALE, for plaintiff in error; Mr. R. H. GILMORE, for defendant in error—in the first cause.

Mr. R. H. GILMORE, for plaintiff in error; Mr. W. W. DALE, for defendant in error—in the second cause.

This suit was instituted April 6, 1899, by the filing of plaintiff's complaint alleging, in substance, that, on August 15, 1890, one De Sollar made and delivered to plaintiff four promissory notes for $4,191.00 each, payable April 26, 1893, with interest at seven per cent. per annum, payable semi-annually, and, to secure their payment, executed and delivered to plaintiff a deed of trust bearing the same date, wherein he conveyed to Thomas J. Anders, as trustee with successors, certain property in the then county of Arapahoe, being a part of what is known as Cotton Mills Addition;

That, on December 10, 1890, De Sollar conveyed to John W. Goss the undivided 5-16 interest in said property, which deed contained a clause, in substance that, as part of the consideration, the said grantee assumed and agreed to pay 5-16 of said indebtedness and interest, by reason whereof the said Goss became liable for the payment of that amount of said indebtedness to plaintiff;

That said Goss, by warranty deed dated May 4, 1891, in consideration of $2,000.00, to him in hand paid by defendants in error, sold and conveyed to them, their heirs and assigns, the undivided 5-16

interest in said property, and it was provided in said deed, and expressly understood and agreed between the said John W. Goss and defendants in error, that, as part of the above consideration, the grantees therein assumed and agreed to pay 5-16 of said indebtedness and interest;

That said defendants, and other owners of said property, at various times thereafter, paid the interest on said notes to August 15, 1892, but no part of the principal of said notes has been paid, except interest to August 15, 1892, and except the amount realized from the sale of said property under foreclosure of the deed of trust;

That said deed of trust was duly foreclosed, and the property sold on the 26th day of December, 1898, for $5,000.00, which was applied to the payment of taxes due, interest then due and the balance on the principal of the notes.

Prayer for judgment for $6,134.04, with interest from December 26, 1898.

Defendants in error filed separate answers, the same in substance containing two defenses, wherein they allege that the deed, made by John W. Goss to them for said property, was wholly voluntary and without any consideration whatever, and for the use and benefit of the said John W. Goss. They plead ignorance of the assumption clause therein, and want of knowledge of the execution to them and the recording of said deed, until long after it had been done; they allege there was no consideration for it, and deny its being their contract, or that they were holding thereunder, etc.

For a separate defense, defendants in error plead the statute of limitations.

The trial was to the court without a jury; a general finding was made in favor of the defendants in error, and judgment entered accordingly.

Mr. Justice Hill delivered the opinion of the court:

In this action, the plaintiff in error has assigned for our consideration two principal errors, which he claims were committed by the lower court in the trial of this cause, the first being that the court erred in holding that defendants in error were not liable upon the assumption clause contained in the deed, conveying the property to them, wherein it is stated they "assume and agree to pay" a certain portion of the indebtedness secured by the deed of trust; the second being that the court erred in holding that said action was barred by the statute of limitations.

No written opinion of the findings of the lower court having been made a part of the record, we are unable to say upon which of the defenses the court found in favor of the defendants, or whether upon both, and, so far as its findings are concerned, it is immaterial, so long as, in our opinion, it was proper to have entered the judgment upon one of them; and by reaching the conclusions to which we have come, it is unnecessary for this court to pass upon the first defense, and we have refrained from giving any opinion thereon, by rendering our decision solely upon the plea and proof offered in support of and against the action being barred by our statute of limitations, being § 2900, vol. 2, Mills' Stats., which reads in part as follows:

"The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterward:

"First, all actions of debt founded upon any contract or liability in action."

The undisputed evidence is, that each of the four notes, so executed by De Sollar, upon which suit was brought, contains this clause:

"And a failure to pay said interest, or any part thereof, when due, shall cause this whole note to become due, payable, and recoverable at once, and the said interest to be counted as principal and to bear interest at 12 per cent. per annum; anything herein to the contrary notwithstanding."

The deed of trust, given to secure the payment of the notes, contains the following clause:

"And it is stipulated and agreed that, in case of default in any of said payments of principal or interest as aforesaid, or of a breach of any of the covenants or agreements herein, then and in that case the whole of said principal sum hereby secured, and the interest to the time of sale, according to the tenor and effect of said indebtedness, shall and may at once become due and payable, anything in the said notes to the contrary notwithstanding, and the said premises be sold in like manner, and with the same effect as if the indebtedness had matured."

The four notes were dated August 15, 1890, and, by their terms, were absolutely due and payable on April 26, 1893, interest payable semi-annually; the deed of trust bearing the same date as the notes.

Some time after the execution of these papers by De Sollar he conveyed to John W. Goss a 5-16 interest in said property, in which deed there was a clause stating that the grantee assumed and agreed to pay 5-16 of such indebtedness; thereafter, and before February 15, 1893, a similar deed with the same assumption clause was executed and recorded by the said John W. Goss to the defendants in error herein.

The semi-annual interest, due upon said notes February 15, 1893, was not paid by any one, and the plaintiff in error, according to his own testimony, upon account of default in the payment of interest due upon February 15, 1893, requested the trustee to proceed with foreclosure proceedings under the

deed of trust, and thereupon the trustee, at the request of plaintiff in error, advertised said property to be sold thereunder on the 24th day of May, 1893, and had notice published accordingly. This notice of sale was dated April 22, 1893, and, among other things, contains the following recital:

"Whereas, said trust deed provides that, in case of default in the payment of said notes or any part thereof, or the interest thereon, * * * then it shall and may be lawful for the said trustee to sell * * * ; and

"Whereas, default has been made in the payment of interest due on said notes on February 15th, 1893;

"Now, therefore, at the request of the legal holder of said notes * * * I, Thomas J. Anders, as trustee, will * * * sell," etc.

A printed copy of this notice of sale was, at about that time, mailed to Ellen A. Goss.

It appears that, after this sale was first advertised pursuant to such notice by the trustee, the sale was temporarily restrained in another suit against the plaintiff in error, and, in some stage of that action, he filed his affidavit, which states, among other things:

"That default was made in the payment of interest on said note on February 15th, 1893, and thereupon Thomas J. Anders, trustee, at the request of affiant, advertised the said property for sale on the 24th day of May, 1893, for the purpose of paying said note, and the interest due thereon, as well as the costs and expenses of executing the said trust."

The above is quoted for the purpose of showing the position taken by Mr. Lovell at the time of the commencement of the first foreclosure proceeding upon the notes. It appears, thereafter, the other

suit was in some manner disposed of, and foreclosure sale was ultimately made under the deed of trust and the property was sold by a successor in trust upon December 26, 1898, for the sum of $5,000.00, which, less expenses, was credited upon that date on these notes.

The first contention made by plaintiff in error is that the provision in the notes and deed of trust given to secure the same, wherein they provided that "upon default in the payment, or any part thereof, when due, shall cause the whole amount to become due, payable and recoverable at once," does not, of itself, in case of such default, cause the notes to mature so as to start the running of the statute of limitations; this clause being permissive only, and more in the way of a penalty, simply giving a privilege to the mortgagee, of which he can elect to take advantage if he desires. This position appears to be supported by numerous authorities: *Belloc v. Davis,* 38 Cal. 242; *Mason v. Luce,* 116 Cal. 232; *Watts v. Hoffman,* 77 Ill. App. 411; *Lowenstein v. Phelan,* 17 Neb. 429; *Watts v. Creighton,* 85 Iowa 154; *Richardson v. Warner,* 28 Fed. Rep. 343; *Neb. City Nat. Bank v. Gas & Coke Co.,* 14 Fed. Rep. 763.

The contrary doctrine appears to have been accepted in a large number of cases wherein it is held (where notes and deeds of trust contain similar clauses), upon default in the payment of interest, a cause of action accrues thereon at once, and the statute of limitations commences to run upon the entire debt from the date of such default.—*Reeves v. Butcher,* 2 Q. B. 509; *First Nat. Bank v. Peck et al.,* 8 Kan. 660; *Harrison Machine Works v. Rigor,* 64 Texas 80; *Ryan v. Caldwell* (Ky.), 50 S. W. 956; *San Antonio v. Stewart,* 94 Texas 441; *Snyder v. Miller,* 80 Pac. 970; *Pierce v. Shaw,* 51 Wis. 316;

*Kelley v. Kershaw* (Utah), 14 Pac. 804; *Wheeler et al. v. Kamper,* 28 Fed. Rep. 741.

This court does not seem to have had occasion to pass upon the question upon which there appears to be such a decided conflict of authorities, and we do not deem it necessary to do so in this case, for the reason that the plaintiff in error, before the maturity of the principal of said notes, did elect to declare said entire amount due and payable, and requested the trustee to advertise and proceed with the foreclosure of the deed of trust upon account of default in the payment of interest due upon February 15, 1893. This suit was instituted upon April 6, 1899, so the question to be determined is whether or not the statute of limitations began to run on February 15, 1893, the date interest became in default, or upon the date Mr. Lovell elected to take advantage of it and instructed the trustee to begin foreclosure upon account of default in the payment of interest due upon February 15, 1893. In other words, did the cause of action accrue upon the date Mr. Lovell decided to take advantage of the default, or did it accrue upon February 15, 1893, the date upon which the default occurred, and on account of which the plaintiff thereafter sought to take advantage of it? So far as we can learn, this question appears to be one of first impression in this court, and we have been unable to find any case passing directly upon the question; but, from the facts herein, without deciding which line of authorities above quoted, in our opinion, presents the sounder reasoning, we are of the opinion that, by the election of the plaintiff in error to start foreclosure proceedings, prior to the maturity of the principal of said notes upon account of default in the payment of interest due upon February 15, 1893, the cause of action accrued upon the date of such default and the statute of limita-

tions began to run from that date, which was more than six years prior to the bringing of this action.

This view is strengthened by the action of the plaintiff in error himself by the clauses contained in the published notice of the trustee's sale in the first instance, for which we assume he was responsible, as was held by our court of appeals.

In the case of *Washburn v. Williams et al.*, 10 Col. App. 159, in passing upon the question of the actions of a trustee as being authorized by the *cesqui que·trust* in foreclosure cases, it was stated:

"It is the usual rule that it is sufficiently declared by the statement to that effect in the public notice of sale."

In the case of *Manhattan Life Insurance Co. of New York v. Wright,* 126 Fed. Rep. 82, it was held:

"The practical interpretation given to their contracts by the parties to them while they are engaged in their performance, and before any controversy has arisen concerning them, is one of the best indications of their true intent, and courts that adopt and enforce such a construction are not likely to commit serious error."

The fact appeals to us that when Mr. Lovell elected, prior to the maturity of the notes, to have foreclosure made of the deed of trust on account of default in the payment of interest due upon February 15, 1893, he himself elected to have his cause of action accrue upon that date and acted accordingly. It is true, he testified that this election by him to take advantage of the default, and his instruction to the trustee to foreclose were not made until April 21, 1893, which was only five days prior to the final maturity of the notes; but, in his affidavit in the other suit made some ten years before the trial of this cause, he stated: "That default was made in the

payment of interest  *  *  *  February 15th, 1893, and thereupon  *  *  *  Anders, trustee, at the request of affiant, advertised the property for sale *  *  *  " A seeming conflict in his own statements as to the time he did elect to take advantage of the default, but, assuming his last statement is correct, which would make the election by him some sixty-four days after default in the payment of the interest, would still, in our opinion, be immaterial.

It was held, in the case of *Washburn v. Williams et al., supra,* that what constitutes a reasonable time within which a *cesqui que trust* may elect to declare the mortgage debt due for conditions broken by default in payment of interest, depends upon the circumstances of each particular case. In that case, it was held that four months was not unreasonable. In this case, we do not think sixty-four days was an unreasonable time. Had he seen fit to make no election, then the rule might be otherwise. Upon this question we are giving no expression. It certainly cannot be said that the notes could be declared due at any date desired by the payee; their language will not permit of such a construction; besides, if such a rule is to prevail, it might be, as in this cause, very difficult to determine the exact time the payee did elect to take advantage of such default. According to the language of the notes, the cause of action accrued at the date they were finally due, or the date default was made in the payment of interest; in this case, the payee having acted upon account of the non-payment of interest, after it became due, and before the final maturity of the notes, and, on account thereof, elected to declare all of them "due, payable and recoverable at once," as per the terms of the notes; this being the language in the notes. When, at once? Under the circumstances of this case and in this connection, it certainly means at

once and "upon default in the payment of interest thereon, when due," as stated in the notes; and we think this was the construction placed thereon by the parties, at the time.

The evidence shows, although the notice of foreclosure sale was first advertised in April, 1893, to be held upon May 24, 1893, that a sale was not made at that time, upon account of the other suit; but thereafter the property was again advertised for sale, and eventually sold under said deed of trust, upon December 26, 1898, for the sum of $5,000.00; and this amount was, by the trustee, placed as a credit upon said notes, less the expenses of sale. It was contended by counsel for plaintiff in error that the endorsement by the trustee of the proceeds of the sale of the property upon the notes is such an acknowledgment of the indebtedness that a promise to pay the balance is inferred, and that the debt is thereby taken out of the bar of the statute of limitations.

In justice to counsel, it might be stated that his brief, in support of this position, was filed in this court long prior to the rendition of the decision in the case of *Holmquist v. Gilbert,* 41 Colo. 113, wherein this same question was directly passed upon adversely to the position taken by counsel for plaintiff in error.

For the reasons stated, it follows that the statute of limitations pleaded by the defendants in error and the proof offered in support thereof was a good defense, and the judgment of the lower court is affirmed.                                   *Affirmed.*

Decision *en banc.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE GABBERT dissent.

*Rehearing denied.*