GREEN TREE FINANCIAL SERVICING CORPORATION, Plaintiff–Appellant,

v.

Russell L. SHORT and Janet L. Short, Defendants–Appellees.

No. 99CA0281.

Colorado Court of Appeals, Div. A.

Aug. 17, 2000.

Shaver & Licht, John H. Licht, Terence A. Kippen, Denver, Colorado, for Plaintiff–Appellant.

No Appearance for Defendants–Appellees.

Opinion by Judge KAPELKE.

In this replevin action, plaintiff, Green Tree Financial Servicing Corporation, appeals from the summary judgment entered in favor of defendants, Russell L. and Janet L. Short. We reverse and remand with directions.

In 1984, defendants executed a "Manufactured Home Retail Installment Contract and Security Agreement" (the Agreement) in connection with their purchase of a mobile home. The Agreement provided that defendants would make regular monthly payments and granted plaintiff a security interest in the mobile home as collateral.

Defendants also signed a separate promissory note, which was secured by a deed of trust on real property other than that on which the mobile home was situated. Plaintiff obtained an assignment of the rights of the creditor under the Agreement.

Defendants made timely payments under the Agreement until shortly after they filed for bankruptcy in May 1992. On October 9, 1992, after obtaining relief from the automatic stay in defendants' bankruptcy proceeding, plaintiff sent defendants a notice advising them that their loan was in default because they had failed to make payments under the Agreement that were due on July 15, August 15, and September 15, 1992. The notice provided that defendants had 20 days from the date of the notice to cure the default. The notice also provided that if defendants did not pay the amount due, plaintiff would "hereby accelerate the entire contract balance due and payable at the end of such cure period...."

Defendants did not cure the default by the deadline stated in the notice. Shortly thereafter, plaintiff foreclosed on the deed of trust. A deficiency remained after the foreclosure sale.

On October 9, 1998, exactly six years after it sent the notice of default and acceleration, plaintiff commenced this replevin action to obtain possession of the mobile home based on defendants' failure to satisfy their obligations under the Agreement.

Defendants moved for summary judgment, arguing that plaintiff's action was barred by the six-year statute of limitations set forth in § 13–80–103.5, C.R.S.1999. Relying on *Lovell v. Goss,* 45 Colo. 304, 101 P. 72 (1909), defendants asserted that plaintiff's cause of action accrued on July 15, 1992, when defendants defaulted under the Agreement. In response, plaintiff argued that the entire indebtedness did not become due, and that plaintiff therefore did not have a right to obtain possession of the collateral, until 20 days after it sent the notice of default and acceleration.

The trial court agreed with defendants' argument, finding that the cause of action accrued no later than September 15, 1992. Consequently, the court concluded that plaintiff's action was barred by § 13–80–103.5.

On appeal, plaintiff contends that the trial court erred in determining that the action was time-barred under § 13–8—103.5. We agree.

Section 13–80–103.5(1), C.R.S.1999, provides that:

The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:

(a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, *all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt* .... (emphasis added)

The governing accrual provision is § 13–80–108(4), C.R.S.1999, which states:

A cause of action for debt, obligation, money owed, or performance shall be considered to accrue on the date such debt, obligation, money owed, or performance becomes due.

Plaintiff argues that, pursuant to § 13–80–108(4), its claim for replevin of the mobile home did not accrue until the date the entire indebtedness became due and it first had a

right to obtain possession of its collateral. We find that argument persuasive.

By the terms of § 5–5–112, C.R.S., 1999, a creditor under a consumer credit transaction, such as that here, "may neither accelerate maturity of the unpaid balance of the obligation nor take possession of . . . a mobile home" that is collateral until 20 days after a notice of the right to cure has been given. *See also Aetna Finance Co. v. Summers*, 642 P.2d 926 (Colo.1982). The notice requirement is set forth in § 5–5–111, C.R.S.1999.

The Agreement here provides, in pertinent part, as follows:

If [defendants] default, [plaintiff] may do either or both of the following:

(a) Acceleration of payment: *After any required notice*, [plaintiff] can require [defendants] to immediately pay [plaintiff] the entire remaining balance of the contract. . . .

(b) Repossession: *After any required notice*, [plaintiff] can repossess the manufactured home . . . . (emphasis added)

Similarly, the Notice of Default plaintiff sent to defendants on October 9, 1992, stated:

If you do not correct your default in the time allowed by the notice, [plaintiff] hereby accelerates the entire contract balance *due and payable at the end of such cure period* and may exercise its rights under the law. (emphasis added)

Thus, pursuant to the terms of the Agreement, the notice, and § 5–5–111, plaintiff had no right to accelerate the obligation or to obtain possession of the mobile home until October 29, 1992, 20 days after the required notice was given.

Accordingly, plaintiff's claim for replevin did not accrue until October 29, 1992. Because plaintiff commenced its action on October 9, 1998, which was within six years of that accrual date, the action was timely.

As noted, defendants rely on *Lovell v. Goss, supra,* as did the trial court in its ruling. We recognize that *Lovell* held that where a creditor holding an installment note

elected to start foreclosure prior to the maturity of the notes, based upon the debtor's failure to make a required installment payment, the cause of action accrued upon the default and the statute of limitations ran from that date.

That case, however, was decided long before the enactment in 1975 of §§ 5–5–111 and 5–5–112, which create the notice requirement applicable here and preclude a creditor under a consumer credit transaction from pursuing a replevin remedy prior to the expiration of the 20–day notice period. Accordingly, we find *Lovell* inapplicable here.

The judgment is reversed, and the cause is remanded for further proceedings on plaintiff's complaint.

Justice ERICKSON * and Justice KIRSHBAUM * concur.