## Fred S. Douglas et al., Appellees, v. Aurora Daily News Company et al., Appellants.

### Gen. No. 5423.

1. CORPORATIONS—*when restriction upon transfer invalid.*  A clause in a certificate of stock to the effect that it is transferable only to some person first approved by the board of directors of the corporation issuing it, is an illegal restriction upon the right of a stockholder to transfer his stock and one which a corporation has no right to make.

2. CORPORATIONS—*when option to re-purchase stock valid.*  An option expressed upon the face of a certificate giving to the corporation the right of re-purchase upon certain terms, is valid where no right of creditors is affected, and a person acquiring such a certificate obtains no greater rights than the party had to whom it was originally issued.

3. PLEADING—*when demurrer not carried back.*  A demurrer will not be carried back to a pleading to which a demurrer has already been filed and overruled.

Mandamus.  Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding.  Heard in this court at the October term, 1910.  Reversed and remanded.  Opinion filed March 16, 1911.

Statement by the Court.  This is a petition for a writ of *mandamus* filed by Fred S. Douglas and I. C. Copley by which they seek to compel the Aurora Daily News Company, a corporation, M. E. Plain, secretary

of the corporation, and L. B. Frazier, president of the corporation, to transfer two shares of the capital stock of the corporation of the par value of $100 each, from Fred S. Douglas to I. C. Copley. The petition sets forth that the Aurora Daily News Company is an Illinois corporation; that M. E. Plain is secretary and L. B. Frazier is president of the corporation, and a copy of the original certificate issued to Douglas, dated October 1, 1899. The certificate is to Fred S. Douglas, employe, and contains a clause "if his employment shall cease, the president of the company at his option will then be privileged to buy those shares at six per cent premium," and a provision "transferable as provided by the by-laws of the corporation, but only to some person first approved by the board of directors." The petition also sets forth that, on May 22, 1908, Douglas sold and transferred the two shares of stock to I. C. Copley, with a copy of the assignment; that Copley is the sole owner of such stock, and that Douglas has demanded of the respondents that he be permitted to make a transfer of the stock on the books of the corporation to Copley, and that the respondents issue to Copley a certificate of the stock so purchased by him; but that the respondents refuse to recognize such transfer or to issue a new certificate to Copley in lieu of the certificate to Douglas.

A demurrer to the petition was overruled. The respondents then answered admitting the incorporation and that the officers are as charged in the petition, but denying that Douglas was the owner of the two shares of stock as alleged in the petition. The answer states that the Aurora Daily News Company is, and has been since 1891, a publisher of a daily newspaper in the city of Aurora; that Douglas since 1899, and for many years prior thereto, was an employe of such company; that it has been the policy of the company to encourage faithful employes by distributing some of its capital stock among them; that in pursuance of that policy in

1899, the company delivered said certificate as a gratuity to Douglas; that the certificate was not delivered to him in his individual right but as an employe, and with the proviso that if the employment of Douglas with the company should cease, then the president of the company at his option had the privilege of taking back such stock from Douglas by paying him the par value and six per cent premium; and with the further provision that the stock could not be transferred to any other person than one first approved by the board of directors; that I. C. Copley had become the owner of a rival daily paper, the Aurora Daily Beacon; that Copley boasted he would ruin the circulation and business of the Aurora Daily News; that in pursuance of such threat and purpose he had hired away from the Aurora Daily News some of its trusted employes and among them the petitioner, Douglas; that thereafter the president of the Aurora Daily News, under the option in such certificate, had delivered to Douglas $212 in lawful money, in payment of the two shares of stock and six per cent premium, before he had any notice or knowledge of the alleged transfer to Copley; that the stock thereupon became the property of the president of the Aurora Daily News, and Douglas had no right to transfer it to Copley; that afterwards Douglas returned the money to the office of respondent, where the same has been kept subject to his order; and the answer denies that the stock was assigned to Copley by Douglas on May 22, 1908, and charges that the pretended sale is a fraud upon respondents and a conspiracy on the part of the petitioners with the sole object of harassing and injuring respondents. The answer admits the demand for the transfer of the stock, but states that such demand was made long after the money was tendered to and received by Douglas, and asserts that the stock is the property of the president of the Aurora Daily News Company. A general demurrer to the answer was sustained and the respondents abiding by their answer, judgment

was entered that a peremptory writ issue as prayed. The respondents jointly and severally prayed an appeal, and this appeal is prosecuted by the Aurora Daily News Company and Plain, the secretary of the corporation.

HOPKINS, PEFFERS & HOPKINS and JOHN S. SEARS, for appellants.

B. P. ALSCHULER and R. C. PUTNAM, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The clause in the certificate that it was transferable only to some person first approved by the board of directors was an illegal restriction upon the right of a stockholder to transfer his stock and one which the corporation had no right to make; hence the appellants cannot urge any valid defense based upon that provision in the certificate.

The answer alleges that the original certificate was issued to Douglas, an employe of the Aurora Daily News, as a gratuity, with the object of making the employes of the paper feel a personal interest in the welfare of the Company. The acceptance of it by the employe was subject to the conditions expressed on the face of the certificate, so far as they were not contrary to law.

Since the enactment of section 52 of chapter 77 of the Statutes of Illinois, shares of stock in a corporation partake of the nature of negotiable instruments. A purchaser of stock taking it in good faith and without notice of the rights of other parties, will hold it clear of any lien to the extent of the money advanced. This certificate however gave notice to Copley of the rights of Frazier, the president of the corporation, to repurchase the stock on the terms expressed on its face. Frazier was president of the company both when the stock was issued, when the money was

paid to Douglas and when this suit was begun. The option in the certificate was not alone for the benefit of Frazier, the president. While Douglas was an employe he had the right to vote the stock and draw the dividends on it, but upon his employment ceasing, the president of the company, whoever he might be, had the option to resume the ownership of the stock, as president on making the payment expressed. Clearly this provision was for the benefit of the company. It is not against the law for a company acting in good faith to buy and sell its own stock, where no right of creditors is affected. Republic Life Ins. Co. v. Swigert, 135 Ill. 150; First National Bank of Peoria v. Peoria Watch Co., 191 Ill. 128.

Copley, having notice of the option of the president of the company, could obtain no greater rights in the certificate than Douglas possessed. Douglas had no right to retain the stock after the payment to him of the face of the stock with the agreed premium, and had no right to assign the certificate to any one except the president of the company, and Copley could acquire no greater right in the certificate than Douglas possessed.

It is contended on the part of appellants that the court should have carried the demurrer back to the petition and have dismissed the petition. This could not be done for the reason that a demurrer had been overruled to the petition. Heimberger v. Elliot Switch Co., 245 Ill. 448; Fish v. Farwell, 160 Ill. 236; Stearns v. Cope, 109 Ill. 340.

There are some other matters argued by appellants which we do not consider it necessary to discuss, further than to say that the demurrer is general and admits the truth of all facts that are well pleaded.

The judgment is reversed and the cause remanded with instructions to the trial court to overrule the demurrer to the answer.

*Reversed and remanded with directions.*