## Mrs. Minnie E. Roush, Appellant, v. The Illinois Oil Company, Appellee.

### Gen. No. 18,344.

1. CONTRACTS—*when for conditional sale.* Where a contract for the sale of stock provides for its re-purchase by the corporation on demand by the purchaser, the option to re-sell is incidental to the main transaction and the contract is a contract of conditional sale.

2. CONTRACTS—*time of performance.* Where no time is expressed in a written contract for its performance, the law will imply that it shall be within a reasonable time.

3. CORPORATIONS—*when demand for re-purchase of stock cannot be defeated on ground that contract is ultra vires.* Where plaintiff in good faith performs his part of a contract providing for the purchase of stock of defendant corporation by him and for the re-purchase thereof by such corporation on demand, defendant cannot defeat plaintiff's demand for re-purchase on the ground that the contract is *ultra vires* if such demand is made in proper time and in accordance with the contract.

4. CORPORATIONS—*ultra vires.* A contract by a corporation to re-purchase shares of its own stock is not *ultra vires.*

5. CONTRACTS—*when question whether notice to re-purchase stock is given within reasonable time is for the court.* Where a corporation contracts to re-purchase certain of its own stock after notice by the purchaser, and it is undisputed that such notice was given, the question of what is a reasonable time for giving notice is one of law for the court.

6. CONTRACTS—*when notice to re-purchase stock under a contract not given within reasonable time.* Where contracts for the re-purchase of stock after notice by the purchaser are made in 1898 and 1899 and notice to re-purchase is given in 1910, the purchaser by not giving notice within the time fixed by the statute of limitations, and by receiving the benefits under the contract for more than ten years, has elected to ratify the contract and retain the shares and cannot recover the re-purchase price.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

JOHN C. FARWELL, for appellant.

ALBERT H. TYRRELL, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

On September 26, 1898, appellant and appellee entered into a written contract under the terms of which appellant paid appellee the sum of $1,000; in consideration therefor appellee delivered thirty shares of preferred stock of the Illinois Oil Company to appellant and agreed to repurchase the shares of stock for $1,000 if appellant so desired, after March 1, 1899, on thirty days' notice.

On March 1, 1899, appellant and appellee entered into a second written contract by the terms of which appellant paid to appellee the sum of $1,500; in consideration therefor appellee delivered forty-five shares of preferred stock of the Illinois Oil Company to appellant and agreed to repurchase the shares for $1,500 if appellant so desired, after twelve months from the date of the contract, on thirty days' notice; or, if appellant desired to sell the shares of stock to appellee before the expiration of twelve months from the date of the contract, appellee would repurchase the shares of stock if convenient, but would not bind itself to repurchase the stock before the expiration of twelve months from the date of the contract.

On September 21, 1910, appellant sent notices by mail to appellee, stating that she had elected to resell the shares of stock which she had bought under the contracts, and that she would have the certificates therefor, properly indorsed, at such place as appellee might designate, ready for surrender and delivery to appellee upon the payment of the respective sums of $1,000 and $1,500 mentioned in the contracts. Appellee received the notices. Appellant sent the stock certificates and copies of the notices to M. C. Rasmussen, who called at the office of appellee and told an officer of the company that he had the stock certificates with him, ready to turn over to appellee, and requested appellee to repurchase the stock. Appellee refused to repurchase the stock.

Appellant brought suit to recover the repurchase price of $2,500. As a defense, appellee set up that the contracts are void because they are uncertain; that appellant has lost her right on account of her laches; that appellee is not liable on the contracts because the statute of limitations barred the appellant from bringing suit; that the contracts are *ultra vires,* and are void because they are gambling contracts.

A jury having been waived, the court found the issues for the defendant and entered final judgment on the finding in favor of the defendant.

The principal subjects of the contracts were legitimate business transactions, and the options to resell to appellee in the contracts were but incidental to the main transactions. There was an actual sale and purchase; and appellant bought the shares of stock on the express condition that she should have the right to resell to appellee, if she so desired, upon giving notice to that effect within a reasonable time, and to receive from the appellee the par value thereof in money. The contracts in question were contracts of conditional sale of the stock mentioned therein, and as such the contracts fell fairly within the principles announced in *Wolf v. National Bank of Illinois,* 188 Ill. 85; *Ubben v. Binnian,* 182 Ill. 508; *Osgood v. Skinner,* 211 Ill. 329.

The contracts do not specify any time within which the option to resell the stock to appellee should be exercised. Where no time is expressed in a written contract for the performance of its terms, the law will imply that it shall be within a reasonable time. *Driver v. Ford,* 90 Ill. 595.

" 'Where a party to a contract undertakes to do some particular act, the performance of which depends entirely on himself, and the contract is silent as to the time of performance, the law implies an engagement, that it shall be executed within a reasonable time, without reference to extraordinary circumstances.' 2 Chitty on Contracts, (11th Amer. Ed.) 1082." *Hamilton v. Scully,* 118 Ill. 192.

Appellant in good faith performed her part of the agreement, and appellee had the use and benefit of her money. Under such circumstances, appellant's demand for the repurchase price, if made in proper time, in accordance with the terms of the contracts, cannot be defeated by appellee's contention that the contract is *ultra vires*, for it is a well-settled rule of law that a corporation cannot avail itself of such a defense when the contract has, in good faith, been fully performed by the other party, and the corporation has had the benefit of such performance. *Kadish v. Garden City Equitable Loan & Building Ass'n,* 151 Ill. 531; *Lurton v. Jacksonville Loan & Building Ass'n,* 187 Ill. 141; *Republic Life Ins. Co. v. Swigert,* 135 Ill. 150.

But the contracts in question are not obnoxious to the objection that they are *ultra vires.* A corporation may, if it acts in good faith, buy and sell shares of its own stock. *First Nat. Bank of Peoria v. Peoria Watch Co.,* 191 Ill. 128; *Republic Life Ins. Co. v. Swigert,* 135 Ill. 150; *Clapp v. Peterson,* 104 Ill. 26; *Chicago P. & S. W. R. Co. v. Town of Marseilles,* 84 Ill. 145. The weight of authority in this country is in favor of the power of a corporation to purchase its own capital stock, except where the circumstances are such as to show that the purchase was fraudulent in fact, or that the corporation was insolvent, or in process or contemplation of dissolution at the time of such purchase. *U. S. Mineral Co. v. Camden & Driscoll,* 106 Va. 663; *Wisconsin Lumber Co. v. Greene & W. Tel. Co.,* 127 Iowa 350; *McIntyre v. E. Bement's Sons,* 146 Mich. 74; *Ophir Consol. Mines Co. v. Brynteson,* 74 C. C. A. 625, 143 Fed. 829; *Freemont Carriage Mfg. Co. v. Thomsen,* 65 Neb. 370; *Porter v. Plymouth Gold Min. Co.,* 29 Mont. 347.

In regard to the defense of laches set up by appellee, it is urged that when a contract is in any wise unilateral, as in the case of an option to purchase, any delay on the part of the purchaser in compliance with it is regarded with special strictness, for laches would

be more easily fixed upon the vendee, than when the contract was of the ordinary character, and the court in such a case will exercise its discretion with great care and scan the conduct of the party claiming the benefit of such contract; and, in support of this contention, *Estes v. Furlong,* 59 Ill. 298, and other cases are cited. With this contention we agree. It is urged by appellant in this connection, that the statute of limitations runs from the time when she made her demand, if a demand was necessary previous to the commencement of the action (*Codman v. Rogers,* 10 Pick. (Mass.) 112; Wood on Limitations, (2nd Ed.) 313), and therefore laches on the part of appellant does not appear in the case, nor does the statute of limitations intervene. In this and other jurisdictions, however, it is held that where some act is to be done, or condition precedent to be performed to entitle a party to his right to sue, and no definite time is fixed in which the act is to be done, or the condition performed, he must exercise reasonable diligence to do the one or perform the other, or he will be barred by the statute. *Shelburne v. Robinson,* 8 Ill. 597; *Baker v. Brown,* 18 Ill. 91; *Staninger v. Tabor,* 103 Ill. App. 330. In other jurisdictions the same rule prevails. *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587; *Campbell v. Whoriskey,* 170 Mass. 63.

The facts in this case as to the service of notice by appellant are not in dispute. It is then purely a question of law as to what is a reasonable time for giving notice, and, like every other question of law, it is for the court to decide. *Loeb v. Stern,* 198 Ill. 371; *Chicago, R. I. & P. R. Co. v. Boyce,* 73 Ill. 510.

The earlier contract made September 26, 1898, provides that "the company agrees to purchase said stock at $1,000 if so desired after March 1, 1899, on thirty days' notice."

The second contract, made March 1, 1899, provides that "after twelve months from date, should Mrs.

Roush so desire, the company agrees to purchase said stock at the price paid for the same, on thirty days' notice."

The notices claimed to have been given by appellant to appellee were dated Redlands, California, September 21, 1910. Applying the rule of the statute in this state applicable to contracts in writing, in our opinion the notice was not given within a reasonable time so as to be effectual under the terms of the contract. The notice was not given within the period fixed by the statute of limitations; and, having received for a period of more than ten years the benefits under the contract without notice, appellant, by her own act, elected to ratify the contract and retain the shares of stock. *Lydig v. Braman*, 177 Mass. 212; *Bills v. Silver King Min. Co.*, 106 Cal. 9; *Baker v. Johnson County*, 35 Iowa 151; *Prescott v. Gonser*, 34 Iowa 175.

In our opinion, the appellant was guilty of laches, and the statute of limitations had run upon her right of action, and she cannot recover.

The judgment of the Municipal Court is, therefore, affirmed.

*Affirmed.*