## Paul Murray, Administrator, Appellant, v. Standard Pecan Company, Incorporated, Appellee.

1. CORPORATIONS, § 337*—*what corporations may purchase stock.* A corporation for pecuniary profit has power to contract for the repurchase of its shares and such an agreement on its part is not ultra vires.

2. INTEREST, § 4*—*what allowed on agreement to repurchase stock.* One who buys stock in a corporation from the corporation under an agreement that it will repurchase such stock from him at a specified price at the end of three years from the date of the sale, shall he so desire, is not entitled, in an action to recover upon such agreement, to receive five per cent interest from such date upon the purchase price, in addition to the dividends on the stock which he has received during the three-year period he has held it.

3. CORPORATIONS, § 88*—*when corporation cannot repudiate agreement to repurchase.* Where a certificate of stock purchased by one from the agent of a corporation has indorsed upon it a stipulation that the corporation will repurchase the stock from him at a specified price at the end of three years from the date of sale, shall he so desire, the transaction does not embody two separate elements, namely, a sale of the stock and an agreement to repurchase, so that the corporation can ratify one and repudiate the other as unauthorized, but is but one transaction, the elements of which taken together constitute a conditional sale.

4. CORPORATIONS, § 88*—*what is effect of repudiation of agent's agreement.* Where a certificate of stock in a corporation is sold by its agent with the indorsement thereon that the corporation will repurchase it at the buyer's option, in an action on such agreement to repurchase, if the corporation repudiates the indorsement as the unauthorized act of the agent, it must refund the purchase price to the stockholder, less the dividends he has received, if it does not repudiate the agent's act, it is bound by the agreement to repurchase.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. EXECUTORS AND ADMINISTRATORS, § 498*—*what is proper form of judgment against estate.* In an action brought by one as administrator of the estate of a named person, deceased, a judgment that defendant have and recover costs against such person, "admr., etc.," and that execution issue therefor, is improper because he is not personally liable, and if it be intended to be against the estate, it should be adjudged to be paid in due course of administration and no execution should issue.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed April 27, 1920.

LESLIE J. OWEN and STONE & DICK, for appellant.

LIVINGSTON & WHITMORE, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

R. M. Nicholson, an agent of appellee, Standard Pecan Company, was authorized to sell shares of its capital stock and for that purpose blank certificates were given him signed by the president and secretary, sealed with the seal of the company, with authority to fill the blanks with the name of the purchaser, number of shares and date of sale, but he was not given authority to sell shares of stock with a condition attached for the repurchase of the same by the company. On September 12, 1912, he sold to Alexene G. Murray, now deceased, one hundred shares of stock upon the condition that appellee would at the end of three years from that time repurchase them at $11 a share upon thirty days' notice at the option of the owner. A stipulation to that effect signed, "Standard Pecan Co., per R. M. Nicholson," was written upon the back of the certificate of stock and in that form it was delivered to decedent, who thereupon paid R. M. Nicholson, for the use of appellee, $1,000.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On the trial of the case, in the circuit court, it was stipulated that the officers of the company did not know of the condition above specified until after the death of the decedent and the lapse of three years from the date of the certificate, when a notice to repurchase was given in compliance with the terms of the writing on the back of it; that upon the receipt of such notice the company repudiated such writing upon the ground that the agent had no authority to make a conditional sale of the stock nor enter into any agreement that the company would repurchase it.

Alexene G. Murray on October 1, 1912, received a dividend of $3.49, and on April 1, 1913, a further dividend of $35 on the stock held by her.

Upon the refusal of appellee to repurchase the stock in question this suit was instituted and heard by the court upon a stipulation of facts, and judgment was rendered that the defendant (appellee) "have and recover of and from the plaintiff Paul Murray, admr., etc., its cost in this behalf expended, and that execution issue therefor."

Appellant submitted to the court five propositions to be held as law in the decision of the case: (1) That the defendant company had the power under the law to contract for the repurchase of its shares of stock and that such agreement upon its part would not be ultra vires; (2) that the agreement entered into between R. M. Nicholson, purporting to act for the defendant company, and Mrs. A. G. Murray, plaintiff's intestate, was an agreement for the conditional sale of stock; (3) that the defendant company, if it desired to repudiate the act of its agent in entering into such a contract, must repudiate it in its entirety, that it could not ratify so much of the agreement as would constitute a sale of stock and at the same time repudiate the express condition upon which it was sold; (4) that the defendant company having repudi-

ated the act of its agent in entering into the agreement, between plaintiff's intestate and R. M. Nicholson acting as agent for the defendant company, was bound under the law to repay to plaintiff's intestate or to plaintiff the sum of money which plaintiff's intestate had paid under such agreement for the purchase of stock; (5) that plaintiff is entitled in addition to the return of the money to interest thereon at the rate of five per cent from the date of said agreement.

The court held, as being the law, the first of such propositions and refused the remaining ones. The correctness of the court's holding as to the first proposition is not questioned, and cannot be as to the fifth for the reason that appellant would not be entitled to receive five per cent interest in addition to the dividends paid to Alexene G. Murray.

The transaction between the agent and Alexene G. Murray was not a sale of stock and in addition thereto an agreement to repurchase so that the principal could ratify an authorized act of the agent and repudiate an act not authorized. It was not two acts but one act as denominated in the stipulation of facts "a conditional sale of stock."

The purchase made by decedent, and for which the money was paid, was a certificate of stock with a purported agreement by appellee to repurchase it indorsed thereon. If such indorsement is not valid on account of want of authority on the part of appellee's agent to make it, then the whole contract fails for the reason that appellant's intestate was a party to no contract of which the indorsement was not a part. Appellee must treat what was done, in reference to the sale and purchase of the stock, as a whole and either ratify or repudiate the entire act of the agent. If appellee does the former, it must repurchase the stock on the terms stated in the stipulation. If the act of the agent is repudiated, appellee must refund

the money received with interest thereon, less the amount of dividends paid. *Eberts v. Selover,* 44 Mich. 519, 38 Am. Rep. 278.

The contract in question consisted of that which appears on the face and back of a certificate of stock, which taken together constitute a conditional sale (*Roush v. Illinois Oil Co.,* 180 Ill. App. 346, 348), and appellee cannot separate the parts and ratify one, and thereby make it an absolute sale enuring to its benefit and repudiate the remainder. *Taylor v. Conner,* 41 Miss. 722, 97 Am. Dec. 419 (421); *Sternbach v. Leopold,* 50 Ill. App. 476 (496).

If the judgment rendered is against Paul Murray, individually, it is not right, because he instituted this suit as administrator of the estate of Alexene G. Murray, deceased. If it can be said that a judgment rendered against Paul Murray "admr., etc.," is against the estate of which he is administrator, it would be wrong for the reason that a recovery against an administrator should be adjudged to be paid in due course of administration (*Watts v. Hoffman,* 77 Ill. App. 411), and no execution should be awarded. *Bull v. Harris,* 31 Ill. 487.

The court erred in not holding propositions numbered two, three and four as law in the decision of the case. The judgment rendered is also erroneous, and is reversed and this cause remanded.

*Reversed and remanded.*