## John C. Howard, Appellant, v. Corn Belt Farmers' Co-operative Association. Charles Zweng, Receiver, Appellee.

1. CORPORATIONS—*status of purchaser of stock sold in violation of Blue Sky Law.* One who purchases stock of a corporation sold by it without compliance with the Illinois Securities Act (Cahill's Ill. St. ch. 32, ¶¶ 254-296) was not, in a suit against the receiver of the corporation to recover the amount paid for the stock, entitled to be treated as a preferred creditor.

2. CORPORATIONS—*right of purchaser of stock sold in violation of Blue Sky Law to share in corporate assets.* One who purchased from a corporation shares of its stock which it sold without compliance with the Illinois Securities Act (Cahill's Ill. St. ch. 32, ¶¶ 254-296) was entitled to have his claim for money paid for such stock satisfied out of the assets of the corporation on the same basis as other creditors.

Appeal from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed April 22, 1922.

LESLIE J. OWEN and WILLIAM R. BACH, for appellant.

COSTIGAN & WOLLRAB and RICHARD M. O'CONNELL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellant, John C. Howard, as complainant, filed a bill in equity in the circuit court of McLean county for the appointment of a receiver for the Corn

450    APPELLATE COURTS OF ILLINOIS.

Howard v. Corn Belt Farmers' Co-operative Ass'n, 225 Ill. App. 449.

Belt Farmers' Co-operative Association, an Illinois corporation. The bill alleged that the assets of the association were insufficient to pay its debts, and that there was danger that the assets would be dissipated and lost to the creditors unless a receiver were appointed. A receiver was appointed who took charge of the property and assets of the association. The bill also alleged that the appellant had been induced to become a purchaser of and subscriber for the stock of the association; and that the association had never complied with the provisions of the Illinois Securities Act [Cahill's Ill. St. ch. 32, ¶¶ 254-296] to authorize it to sell stock, and that hence the sale of the stock to him was void; the stock purchased was therefore tendered back. The proof shows that the association was in an insolvent condition and, under the order of court, the receiver gave notice to creditors for presentation of claims against the association. The appellant filed his claim for $500, which was the purchase price paid by him for the five shares purchased by him of the stock of the association, and the stock which he had tendered back was attached to his claim. He afterwards amended his claim by asking to be made a preferred creditor. There was a hearing concerning the allowance of the claim, to which the receiver had objected, and the court disallowed the claim. From the order disallowing the claim an appeal is prosecuted.

We are of opinion that the court properly disallowed appellant's claim as a preferred creditor; but the evidence shows that the appellant had purchased the stock in question from the corporation, and had given therefor his note for $500 payable to the order of the corporation, which he afterwards paid. Corporations are legally competent to sell and dispose of shares of their own stock. *First Nat. Bank of Peoria v. Peoria Watch Co.*, 191 Ill. 128; *Republic Life Ins. Co. v. Swigert Co.*, 135 Ill. 150; *Douglas v. Aurora Daily News Co.*, 160 Ill. App. 506; *Roush v. Illinois Oil Co.*, 180 Ill.

App. 346. In this case, however, the sale to the appellant was void under section 37 of the Illinois Securities Act [Cahill's Ill. St. ch. 32, ¶ 290], because the association had not complied with the provisions of the act; and under the section referred to, the appellant had a right, "upon tender to the seller or in court of the securities sold," to recover back the amount which he paid therefor. The corporation being the seller, the stock having been tendered back by the appellant in court, the act gave him a legal claim against the association for the amount of the purchase price of the stock which he had paid. In this sense he was a creditor who had a right to have his claim satisfied out of the assets of the association, with other creditors. The claim should therefore have been allowed on the same basis with other creditors. The order disallowing the claim is therefore reversed with directions to allow the claim without preference.

*Reversed and remanded with directions.*