[No. 5113.]
[No. 2696 C. A.]

THE FIRST NATIONAL BANK OF GREELEY, COLORADO, v.
PARK ET AL.

1.  Conveyances—Trust Deeds—Action for Foreclosure—Promissory Notes—Limitation of Actions.

Where a note and trust deed securing it provided that, upon failure to pay any installment of interest when due, the holder might collect the principal and interest at once, and the holder did not exercise such option, the statute of limitations did not begin to run at such time.—P. 305.

2.  Conveyances—Trust Deeds—Action to Foreclose—Promissory Notes—Exercise of Option—Complaint.

A note and trust deed securing it provided that, on failure to pay any installment of interest when due, the holder might collect the principal and interest at once, and also provided that in case the note should not be paid at maturity it should draw interest at the rate of twelve per cent. per annum thereafter. In an action to foreclose the trust deed, plaintiff prayed for interest at the rate of twelve per cent. from the time when an installment of interest became due and was not paid, which was seven years prior to the beginning of the action. Held, that such prayer does not amount to an allegation of fact, that the holder had availed himself of the option to declare it due at the time of the failure to pay the installment of interest, so as to start the statute of limitations thereon.—P. 308.

3.  Limitation of Actions—Promissory Notes—Interest Coupons.

Where a note secured by a trust deed required the payment of interest semi-annually in accordance with the coupons attached thereto, and the interest was not paid and the coupons were not severed from the note, the interest so sought to be recovered was simply an incident of the note, and, if the note was not barred, neither were the coupons evidencing such interest.—P. 309.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by A. J. Park, as trustee, and John R. Alexander against The First National Bank of Greeley, Colorado. From a judgment in favor of plaintiffs, defendant appeals.    *Affirmed.*

Mr. H. N. HAYNES, for appellant

Mr. H. E. CHURCHILL and Mr. PAUL W. LEE, for appellees.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action to foreclose a trust deed. From a judgment for plaintiffs is this appeal. The facts pertinent to the questions before us are these:

January 5th, 1891, a promissory note was given whereby the maker promised five years after date to pay to the order of one Wallace a certain sum of money with interest "at the rate of 9 per cent. per annum, payable semi-annually, as per ten coupons hereto attached. It is agreed that if this note is not paid at maturity it shall then draw interest at the rate of 12 per cent. per annum, and that on failure to pay any installment of interest when due, the holder hereof may collect the principal and interest at once."

To secure this note the maker thereof gave a trust deed upon certain real estate and water rights appurtenant, which trust deed contained, *inter alia:*

"It is stipulated and agreed that in case of default in any of said payments of the principal or interest, as aforesaid, or of any breach of any of the covenants or agreements herein, then and in that case, the whole of the said principal sum hereby secured, and the interest to the time of sale, according to the tenor and effect of said indebtedness, shall and may at once become due and payable, anything in said notes to the contrary notwithstanding, and the said premises to be sold in like manner and with the same effect as if the said indebtedness had matured."

The note was assigned before maturity, and the assignee thereof, together with the trustee in the

trust deed, are the parties plaintiff herein. The last payment of interest on said note was made on July 5th, 1893, and paid the interest thereon to that date. Coupons covering the remainder of the interest to the maturity of the note are still attached thereto. Among the defendants is appellant, who is the remote grantee of the grantor in the trust deed, and is the owner in fee of the property covered by the trust deed. The suit is brought to have the trust deed declared a lien on the lands covered thereby for the principal of said not, with interest at the rate of 9 per cent. per annum from July 5th, 1893, and at 12 per cent. per annum from January 5th, 1896, and for an order foreclosing the trust deed.

1. It is contended that this action is barred by our six years Statute of Limitations.—2 Mills' Ann. Stats., §§ 2900, 2909. The facts material to this contention are these: The interest upon the note was delinquent January 5th, 1894. The original complaint did not disclose that any payment upon principal or interest had been made since that time. This action was brought August 13th, 1901. This, as will be seen, was more than six years after January 5th, 1894.

Appellant contends that under the above provisions of the note and trust deed that the note matured when the first installment of interest became delinquent; that from that time forward the holder of the note might have sued thereon, and that therefore, the statute of limitations began to run at such time, January 5th, 1894, and that at the time of the institution of this suit it had barred the note, therefore the trust deed securing the same.

We think this construction not in accordance with the language of the note; we think it unreasonable and not sustained by the authorities.

The note was given to run for five years, subject to the contingency of a default in the payment of interest. Doubtless the maker of the note desired the note to run for five years. It is reasonable that the payee desired his investment to run for the five years stated in the note. Doubtless the provision in the note that the holder might collect the principal and interest thereon on a failure to pay any installment of interest was made for the benefit of the payee, to aid him in the prompt collection of his interest.—*Washburn v. Williams,* 10 Colo. App. 153.

If the language used in the note and trust deed meant that the failure to pay matured the note, then on said January 5th, and at any time thereafter, the payor was at liberty to make payment of the note. It is not reasonable that the parties intended the language so used to mature the note irrespective of the election of the payee; because if so, the payor, by his wrongful act in failing to meet the interest as it falls due, could convert an investment running for five years into one payable at the election of the payor whenever an installment of the interest fell due. Such construction of the language would hardly render such language made for the benefit of the payee. Instead of the note meaning as it reads, that in case of such default "the holder thereof may collect" it would mean that the holder shall collect. The language so employed means what it says, that is, in case of default in the payment of any installment of interest, that the holder may collect the principal and interest at once. This provision was to enable the holder of the note, as we have stated, to exact the prompt payment of his interest at the times fixed in the contract, and that if the payor did not live up to his contract in this particular, to enable the payee, if he saw fit to do so, to declare his note matured and to foreclose his security, but if satisfied, notwith-

standing the delinquency, to permit the note to run if he saw fit to do so. A creditor would scarcely make a contract which would against his option mature his note every time the maker saw fit to be delinquent in the payment of interest.

This construction is a liberal and reasonable one of the language used in the contract, and one which is sustained by the authorities.

In *Fletcher v. Daugherty*, 13 Nebraska 224, the note provided that upon the maker failing to pay interest thereon, as stipulated therein, the holder might elect to consider the note due and might proceed to collect. The court held that it was optional with the holder as to whether he should elect to consider the note due, that if he did not exercise such election the statute of limitations would not begin to run upon a default in the payment of an installment of interest. Many cases might be cited in support of this conclusion.—*Belloc v. Davis*, 36 Cal. 242, approved in *Mason v. Luce*, 116 Cal. 232, 237; *Watts v. Creighton*, 85 Ia. 154; *Richards v. Daley*, 116 Cal. 336; *Cal. Sav. & Loan Soc. v. Culver*, 127 Cal. 107.

In *Moline Plow Co. v. Webb*, 141 U. S. 616, the court held that language in effect the same as that used in the note and trust deed here gave an option to declare the principal note due upon a default in the payment of interest, but unless the principal was declared to be due, that is the option availed of, that the statute of limitation would not begin to run.

In vol. 13 of Am. & Eng. Enc. of Law (2d ed.), p. 793, it is said:

"Bonds and mortgages now in current use not infrequently provide that the mortgagee, at his election, may proceed to foreclose upon the non-payment of any installment of interest, or for certain other defaults, and as against the foreclosure of such mort-

gages the statute of limitation has been pleaded where the suit was not brought until the statutory period after the first of said defaults. As a rule this defense has been unsuccessful, the courts holding that such provision is a mere option for the benefit of the mortgagee, which unless actually exercised will not start the statute in operation.''

In Jones on Mortgages (5th ed.), § 1183, it is said:

''The mortgagor cannot take advantage of the stipulation that the whole mortgage shall become due upon a default in the payment of any installment of interest or principal. Equity will not permit him to take advantage of his own wrong, and upon such default pay off the whole debt. This provision is for the benefit of the mortgagee, and not for the benefit of the mortgagor, unless he is given option of making payment upon such default.''

Three cases are cited as against our conclusion: *Hemp v. Garland, Admr.,* 4 A. D. & E. L. 45; *First National Bank v. Peck,* 8 Kan. 661; *Harrison Machine Works v. Rigor,* 64 Texas 89.

It is not necessary to concede that these cases are in conflict with the conclusion we have reached. If they be, however, they are against the weight of authority, and against what appears to us to be the better reason.

The original complaint, as we have stated, was filed August 13th, 1901, seven years after the installment of interest, which, it is claimed, started the running of the statute, became delinquent. It does not appear anywhere or in any way that the payee availed himself of the option to declare the principal of the note due on account of a default in the payment of interest. Appellant claims that the prayer in the complaint shows that the payee availed himself of this option, because he prays interest at the

rate of 12 per cent. from January 5th, 1894, which is the interest provided for in case the default was availed of. Our answer to this is, that there is no fact alleged in the complaint which justifies the allowance of the prayer, and that such a prayer in the complaint made in August, 1901, is not a fact, which shows that the default was availed of on January 5th, 1894, or within a reasonable time thereafter. It would be a rule that would work great injustice that would permit a party, many years after the default, by a prayer in his complaint to claim that he was entitled to the high rate of interest which could only come to him by claiming his default at the time it occurred, or within a reasonable time thereafter.

2. It is contended that the three interest installments evidenced by coupons which matured January 5th, 1894; July 5th, 1894; and January 5th, 1895, were barred by the statute of limitations. It is well to recall here the language of the note: "That interest at the rate of 9 per cent. per annum, payable semi-annually, as per ten coupons attached." The interest was simply evidenced by the coupons. The coupons had not been severed from the note. Judgment was simply prayed for the principal of the note, and interest thereon at the rate of 9 per cent. per annum from January 5th, 1894, to January 5th, 1896, and from January, 1896, to date at 12 per cent. per annum. The interest so sought to be recovered was simply an incident of the note; as the note was not barred, its incident, the interest, was not barred.

In *Meyer v. Porter,* 65 Cal. 67, 71, it was held that coupons were not barred by the statute of limitations because they partook of the nature of the bonds to which they belonged, against which the statute of limitations had not run. Other authorities to the same effect: *Cordova v. City of Galves-*

*ton,* 4 Texas 470; *Scott v. Sloan,* 3 Texas Civ. App. 302; *Grafton Bank v. Doe,* 19 Vt. 463.

Other questions are urged in the case, but the determination of the two above considered disposes of them.

We think the judgment below was right and should be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.