**In the Matter of the Application of Myrtle M. CHURCH and Vaughn D. Church, Applicants–Appellees,**

**For an Order Authorizing the Appointment of a Receiver Under a Power Contained in a Deed of Trust and Pursuant to Statute**

**and Concerning**

**J. Richard Sajbel, Appellant.**

**No. 90CA2149.**

Colorado Court of Appeals, Div. II.

Jan. 16, 1992.

Rehearing Denied March 19, 1992.

Certiorari Denied Aug. 17, 1992.

Lamborn & Moritz, P.C., Douglas L. Lamborn, Colorado Springs, for applicants-appellees.

Braden, Frindt & Stinar, P.C., Ronald Frindt, Colorado Springs, for appellant.

Opinion by Judge TURSI.

The primary issue requiring our determination on appeal is the time at which the applicable statute of limitations begins to run when the holder of an installment debt accelerates the maturity date of the entire obligation after default by commencing an action to foreclose the underlying security. The trial court held that because the applicants, Myrtle M. and Vaughn D. Church, did not previously exercise their option to accelerate the maturity date of the obligation, the statute of limitations runs against each installment from the day it becomes due. We agree.

The parties entered into an agreement in which the Churches conveyed real property to J. Richard Sajbel. Sajbel executed a promissory note in favor of the Churches on June 10, 1983, in the principal amount of $106,000. The note was secured by a deed of trust on the property.

Pursuant to the note, Sajbel agreed to make fifteen principal and interest payments in annual installments, commencing on June 10, 1984. It also provided: "If default be made in the payment of any installment under this note the entire principal sum and accrued interest shall at once

become due and payable without notice at the option of the holder of this note."

Likewise, the deed of trust provided that in case of a default under the note, "the whole of said principal sum hereby secured, and the interest thereon to the time of sale, may at once, at the option of the legal holder thereof, become due and payable, and the said property be sold in the manner and with the same effect as if said indebtedness had matured...."

Sajbel did not make any payments under the note, and it is undisputed that default occurred on June 10, 1984. However, the Churches did not institute any action to enforce the note or to foreclose upon the deed of trust until September 28, 1990, when they instituted foreclosure proceedings pursuant to C.R.C.P. 120 by filing a notice of election and demand with the public trustee.

The notice of election is not a part of the record. However, each party agrees that the Churches' notice was predicated, in part, upon Sajbel's default in 1984. This is substantiated by the Churches' application and verified motion for appointment of receiver, filed on October 12, 1990, as part of the foreclosure, which states:

J. Richard Sajbel is in default under the Note for his failure to make the payments due in 1984, 1985, 1986, 1987, 1988, 1989 and 1990 and the entire unpaid principal amount thereunder is now due and payable, together with interest accruing thereon at the default rate as stated in the Note.

The trial court appointed the Churches as receivers for the property. However, Sajbel subsequently contested this proceeding by filing a motion to set aside appointment of receiver and determination of default in which he raised the statute of limitations as a defense. The trial court then stayed its previous order to permit itself time within which to review the merits of Sajbel's statute of limitations defense.

On November 9, 1990, the trial court denied Sajbel's motion. Specifically, it rejected Sajbel's contention that, because default on the first installment had occurred more than six years before the institution of the C.R.C.P. 120 action, the statute of limitations barred any action on the note and, hence, any foreclosure proceeding predicated upon the underlying note.

As support for its conclusion, the trial court cited *Magna Associates v. Torgrove*, 585 F.Supp. 585 (D.Colo.1984) for the proposition that "where a debt is payable in installments, the statute of limitations runs against each installment from the day it becomes due." Therefore, the trial court held that "absent acceleration, an option not previously exercised by the Applicants herein, a separate default occurred" on Sajbel's failure to pay each separate installment. Accordingly, the trial court concluded that the applicable statute of limitations commenced upon each date of default and, therefore, only barred recovery of the debt based on the 1984 default.

Sajbel now contends that the trial court erred when it concluded that the Churches did not accelerate the note. Moreover, he argues that the holder's election to accelerate the maturity date of the debt causes the limitations period to commence at the time of the payor's default. We do not agree.

The trial court concluded in its order that "[u]ntil this request for appointment of receiver and the filing of a Rule 120 proceeding, both commenced within the past 30 days, neither of the applicants took any action against Mr. Sajbel on either the Note or the Deed of Trust." The record supports this finding and it will not be disturbed upon review. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo. 1986).

■ Having so concluded, we agree that, if a money obligation is payable in installments, a separate cause of action arises on each installment and the statute of limitations begins to run against each installment when it becomes due. *Magna Associates v. Torgrove, supra; see Currigan v. Stone*, 136 Colo. 326, 317 P.2d 1044 (1957).

■ This rule still applies in circumstances in which the holder possesses the option to declare all installments payable in the event of default on a single payment but fails to do so. *Honn v. National Computer Systems, Inc.*, 311 N.W.2d 1 (Minn.

1981); *see First National Bank v. Park,* 37 Colo. 303, 86 P. 106 (1906).

Therefore, if the holder does not elect to accelerate the terms of a note, the statute of limitations applies to each installment separately and does not begin to run on any installment until it is due. This principle is favored because the option is intended for a creditor's benefit. Consequently, a creditor's failure to take advantage of the optional provision does not self-execute it to a creditor's detriment with respect to the running of the statute of limitations. *First National Bank v. Park, supra.*

Contrary to Sajbel's contention, this case is distinguishable from *Lovell v. Goss,* 45 Colo. 304, 101 P. 72 (1909). There, in circumstances in which an election to accelerate has previously been exercised, our supreme court held that the statute of limitations runs from the date of default upon which the election to accelerate is based, not from the date of the election itself. However, *Lovell* is inapposite here, inasmuch as the Churches did not exercise their option to accelerate before commencing this action.

In this case, it is uncontested that the Churches base their foreclosure of the security underlying the debt upon Sajbel's default of installment payments, the first of which occurred in June 1984. Consequently, the trial court correctly declared Sajbel to be in default upon the promissory note and deed of trust for each non-payment falling within six years of September 28, 1990, the date the C.R.C.P. 120 action was commenced. Section 13–80–103.5, C.R.S. (1991 Cum.Supp.).

Under these circumstances, the note and the deed of trust securing the note are not extinguished, *see* § 38–39–207, C.R.S. (1991 Cum.Supp.), and the Churches are not precluded from maintaining a foreclosure action based thereon. *Cf. Martinez v. Continental Enterprises, supra.*

The trial court's order is affirmed.

JONES and ROTHENBERG, JJ., concur.