Julia CURTIS, Plaintiff–Appellant and Cross–Appellee,

v.

Vera COUNCE, Defendant–Appellee and Cross–Appellant.

No. 99CA1958.

Colorado Court of Appeals, Div. I.

March 1, 2001.

Rehearing Denied April 5, 2001.

Certiorari Denied Oct. 1, 2001.

Anderson & Jahde, P.C., Steven R. Anderson, Denver, CO, for Plaintiff–Appellant and Cross–Appellee.

Gerash, Prugh & Gerash, L.L.C., Wallace D. Prugh, Daniel P. Gerash, Lia A. Fazzone, Denver, CO, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge PLANK.

In this dispute over the proceeds of a winning Colorado Lottery ticket, plaintiff, Julia Curtis (daughter), appeals from the trial court's order granting defendant, Vera Counce (mother), relief from judgment and the subsequent summary judgment in favor of mother. Mother cross-appeals, asserting that daughter's original action was barred by the applicable statute of limitations. We affirm the summary judgment in favor of mother, but ·on grounds other than those relied on by the trial court. Specifically, we find that the statute of limitations barred daughter's action.

The morning after the winning numbers were announced, mother presented a winning ticket to the Colorado Lottery and was awarded 1.5 million dollars to be paid by annuity over twenty-five years. The ticket was a five-dollar purchase of five "plays," each containing six numbers between 1 and 42. The numbers of the second play matched the six winning numbers.

Just under six years later, daughter brought an action against mother, alleging that daughter was the rightful owner of the winning lottery ticket and seeking to recover the proceeds therefrom. Daughter's complaint asserted several claims for relief, including replevin of personal property, conversion of personal property, theft by misappropriation of lottery proceeds, breach of bailment relationship, and breach of fiduciary duty. Daughter later amended her complaint to add a claim for relief for monies owing.

The trial court ruled that the claims for breach of bailment relationship and breach of fiduciary duty were subject to a three-year statute of limitations and thus were time-barred. However, the court found that the claims for replevin, conversion, theft, and monies owing were governed by a six-year statute of limitations and that daughter could proceed on those claims.

At trial, it was undisputed that daughter purchased the winning ticket and subsequently gave it to mother. However, the parties disagreed about who selected the winning numbers, whose money was used to pay for the winning ticket, and why daughter gave mother the winning ticket.

Mother stated that she was unable to make her intended lottery ticket purchase on the day in question and asked daughter to buy lottery tickets for her. She testified that she gave daughter the numbers and money to pay for fifty one-dollar, six-number plays, including the winning play. She also testified that the winning ticket contained numbers she had been playing regularly for months

Daughter asserted that instead, mother gave her the numbers and money for only twenty-five plays, and daughter paid for an additional twenty-five plays herself, one of which contained the winning set of numbers. Daughter and her two children testified that one of the children, A.V., chose the numbers on the winning ticket. Both children stated that A.V. selected the numbers on the evening of the win by filling out the "play slip" used to choose lottery numbers in advance of purchase. A.V. testified that she chose the numbers randomly, partly by selecting numbers that formed a pattern on the play slip and partly by dropping a pen and marking whatever number it landed on. Daughter explained that she brought mother the winning ticket on the night of the win for safe-keeping until the next morning.

The jury returned a verdict for daughter.

Four months after trial, mother filed a motion for relief from judgment pursuant to C.R.C.P. 60(b)(2), alleging that the verdict in favor of daughter had been procured by fraud. To support her claim, mother presented ten lottery tickets found among her possessions after trial. Each of the ten tickets contained the same five plays of six numbers each. The dates printed on the tickets revealed that six of them were purchased in the two months prior to the date of the winning ticket and four of them were purchased in the month following the date of the winning ticket. With the exception of three numbers, the winning ticket contained the same five plays of six numbers that the ten tickets contained, with the winning play itself being identical.

Following a hearing, the trial court set aside the verdict for daughter. Based on its assessment that the odds were "in the millions to one" against the possibility that daughter's child A.V. had randomly picked twenty-seven of the thirty numbers that mother proved she had been playing with regularity before the winning ticket was purchased, and on inconsistencies between testimony at trial and testimony at a hearing a year before trial, the court determined that daughter and her two children gave perjured testimony at trial. The court concluded that without the perjured testimony, the jury would have returned a verdict for mother.

Mother then moved for summary judgment. The trial court ruled that daughter could not use the perjured testimony to oppose the motion. When daughter failed to come forward with any additional evidence to support her version of the facts, the trial court granted mother's motion for summary judgment.

I.

On cross-appeal, mother asserts that daughter's action was subject to a three-year statute of limitations. We agree.

Section 13–80–101, C.R.S.2000, provides in pertinent part:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

(a) All contract actions . . . except as otherwise provided in section 13–80–103.5; . . .

(f) All actions for breach of trust or breach of fiduciary duty; . . .

(h) All actions of replevin or for taking, detaining, or converting goods or chattels, except as otherwise provided in section 13–80–103.5. . . .

■ Daughter's claim for breach of fiduciary duty is subject to a three-year statute of limitations under § 13–80–101(1)(f).

■ Under the plain language of § 13–80–101(1)(h), daughter's claims for replevin, conversion, and theft are subject to a three-year

statute of limitations unless they fit within the exception provided by § 13–80–103.5, C.R.S.2000.

■ Although breach of bailment is not among the actions listed in § 13–80–101(1)(h), we conclude that in the circumstances of this case, it is sufficiently similar to replevin, conversion, or theft to be likewise subject to § 13–80–101(1)(h).

■ The same is true of the claim for monies owing because that claim arises not from breach of contract, which is subject to § 13–80–101(1)(a), but rather from replevin, conversion, theft, or breach of bailment, each of which is subject to § 13–80–101(1)(h). Thus, only to the extent that § 13–80–103.5 pertains to § 13–80–101(1)(h) can it be applicable to daughter's claims.

As pertinent here, § 13–80–103.5 provides:

(1) The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:

(a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt. . . .

The trial court interpreted § 13–80–103.5(1)(a) as being applicable to daughter's claims because daughter was "suing for a liquidated debt." We disagree with this interpretation.

The terms "liquidated debt" and "unliquidated, determinable amount" are not defined in § 13–80–103.5. However, the legislative history reveals that the portion of § 13–80–103.5(1)(a) referring to "liquidated debt" and "unliquidated, determinable amount" pertains to actions for breach of contract. *See* Hearing on S.B. 75 before the House Judiciary Committee, 56th General Assembly, First Session (April 2, 1987). And to date, no Colorado appellate court has construed that portion of § 13–80–103.5(1)(a) to pertain to § 13–80–101(1)(h). *See, e.g., Green Tree Fi-*

nancial Servicing Corp. v. Short, 10 P.3d 721 (Colo.App.2000) (in replevin action to recover property encumbered under instrument securing debt, court implicitly relied on remaining two phrases of § 13–80–103.5(1)(a)).

■ In light of the legislative history of § 13–80–103.5, and in the absence of a contrary appellate interpretation, we hold that the reference in § 13–80–101(1)(h) to § 13–80–103.5 does not pertain to the phrase "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action."

The remaining two phrases of § 13–80–103.5(1)(a) require, by any reasonable reading, an underlying contract between the parties to the dispute.

Here, there is no allegation of a contract between mother and daughter. Thus, § 13–80–103.5(1)(a) is inapplicable.

Accordingly, daughter's action was subject not to the six-year statute of limitations in § 13–80–103.5, but to the three-year statute of limitations in §§ 13–80–101(1)(f) and 13–80–101(1)(h).

## II.

■ Daughter contends that even if the applicable statute of limitations is three years rather than six years, her claim for all but the first three lottery annuity payments was not time-barred. Daughter relies on the rule that if a money obligation is payable in installments, a separate cause of action arises on each installment, and the statute of limitations begins to run on each installment when it becomes due. We find this rule inapplicable to the present case.

Daughter's contention is premised on the holding of In re Application of Church, 833 P.2d 813 (Colo.App.1992). However, in that case it was undisputed that a purchaser had agreed to make installment payments to the seller and had defaulted on those payments. In such a situation, no cause of action can arise until an installment payment is not timely made, and it is only logical that the statute of limitations would begin to run from the time that the installment payment was due.

Here, in contrast, there was no claim for breach of an agreement that mother would make installment payments to daughter. Rather, daughter's claims were based on her assertion that mother had wrongfully acquired the lottery proceeds belonging to daughter. If the rule of In re Application of Church, supra, were applicable here, daughter could bring a cause of action against mother as much as three years after the final annuity payment is due to mother, or more than twenty-five years after mother's allegedly wrongful act. Such a result would be contrary to the policy behind statutes of limitation. See Colorado State Board of Medical Examiners v. Jorgensen, 198 Colo. 275, 599 P.2d 869 (1979) (purpose of statute of limitations is to discourage unnecessary delay and forestall prosecution of stale claims).

Instead, the governing accrual provision is § 13–80–108(8), C.R.S.2000, which states:

A cause of action for losses or damages not otherwise enumerated in this article shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.

■ As discussed in Part I, above, daughter's action is subject to a three-year statute of limitations. Pursuant to § 13–80–108(8), the cause of action accrued the day daughter learned that mother had cashed the winning lottery ticket. Daughter brought her action against mother nearly six years after that date. Accordingly, daughter's action was time-barred.

In light of our disposition of these issues, we decline to address the remaining contentions on appeal.

The judgment is affirmed.

Judge METZGER and Judge ROTHENBERG concur.