Michael A. POUND, Plaintiff–Appellant,

v.

Jane A. FLETTER; Stellar Productions, Inc., a Colorado corporation (dissolved June 1, 1999); Stephen Lappen, individually, and as shareholder of Stellar Productions, Inc.; and Joan Glover, individually, and as a shareholder of Stellar Productions, Inc., Defendants–Appellees.

No. 00CA2054.

Colorado Court of Appeals, Div. I.

Nov. 23, 2001.

Gubbels Law Office, P.C., Andrew M. Staples, Castle Rock, CO, for Plaintiff-Appellant.

Cage & North, P.C., Patricia A. Thatcher, Denver, CO, for Defendant-Appellee Jane A. Fletter.

John C. Long, Denver, CO, for Defendants-Appellees Stellar Productions, Inc., Stephen Lappen, and Joan Glover.

Opinion by Judge PIERCE.*

Plaintiff, Michael A. Pound, appeals a judgment of dismissal entered in favor of defendants, Jane A. Fletter and Stellar Productions, Inc., along with its shareholders. We affirm.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

In 1993, plaintiff and Fletter's late husband formed a corporation to operate a bar. Upon her husband's death in 1994, Fletter was appointed his estate's personal representative and sold the bar to Stellar. Plaintiff sued the estate to recover on a debt allegedly owed by Fletter's late husband, but his claims were dismissed with prejudice.

In 2000, plaintiff filed this civil action against Fletter, Stellar, and Stellar's shareholders in Denver District Court to recover on the same debt. The district court granted defendants' motions for summary judgment based upon a lack of jurisdiction and a lack of compliance with the applicable statute of limitations.

I.

Plaintiff first asserts that the district court erred in finding that it did not have jurisdiction to hear claims arising under the Colorado Probate Code. We perceive no error.

We review summary judgments de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

Plaintiff brought four fraud claims against defendants pursuant to the Colorado Probate Code, § 15-10-106, C.R.S.2001. Under § 15-10-302(1), C.R.S.2001, subject matter jurisdiction for such claims lies with "the court." However, under § 15-10-201(10), C.R.S.2001, "the court" does not include the Denver District Court:

"Court" means the court or division thereof having jurisdiction in matters relating to the affairs of decedents and protected persons. This court is the district court, except in the city and county of [D]enver where it is the probate court.

Plaintiff relies solely on *In re Estate of Kubby,* 929 P.2d 55 (Colo.App.1996), to support his contention that the district court may hear fraud claims. The court in *Kubby,* however, did not determine whether the Denver District Court has jurisdiction to hear a claim brought under § 15-10-106.

§ 24-51-1105, C.R.S.2001.

While there is dicta in *Kubby* that is confusing and may present a basis for plaintiff's contention, we rule that the statute is clear and needs no interpretation. In the City and County of Denver, the jurisdiction, under the facts in this case, is only in the Probate Court, which has already ruled on the claims presented in this appeal. *Kubby*, therefore, does not control the outcome in this case, and we conclude that the district court properly determined that it lacked jurisdiction in this matter.

## II.

We also reject plaintiff's contention that the court erred in applying the three-year statute of limitations in § 13–80–101(f), C.R.S.2001, rather than the six-year period in § 13–80–103.5, C.R.S.2001.

Although plaintiff concedes that his claims against Fletter are for breach of fiduciary duty, he argues that he is also seeking to recover based on a liquidated debt or an unliquidated but determinable amount of money, thereby placing his claims within the six-year limitation period under § 13–80–103.5. We are not persuaded.

Section 13–80–103.5 applies only when there is a contract between the parties. *Curtis v. Counce*, 32 P.3d 585 (Colo.App.2001). As no contract exists between plaintiff and defendant Fletter, we determine that the district court properly applied the three-year statute of limitations.

The judgment is affirmed.

Judge NEY and Judge TAUBMAN concur.