FILED
United States Court of Appeals
Tenth Circuit

March 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HEATHER DAVIS,

      Plaintiff - Appellant,

v.

DIANE S. KING,

      Interested Party - Appellee,

and

KUTAK ROCK, LLP,

      Defendant.

No. 13-1181
(D.C. No. 1:09-CV-02768-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Heather Davis, a lawyer representing herself, appeals from district court orders

granting her former counsel Diane S. King's motion to enforce an attorney's lien and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granting an award of attorney's fees and costs. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

BACKGROUND

Ms. Davis was formerly employed by the law firm of Kutak Rock, LLP. Ms. King represented Ms. Davis when she filed charges of sex discrimination and retaliation by Kutak Rock with the Equal Employment Opportunity Commission (EEOC), which issued her a notice of right to sue. Subsequently, Ms. Davis hired different counsel and sued Kutak Rock under Title VII of the Civil Rights Act of 1964, asserting these same employment claims and several state-law claims. Ms. King filed in the lawsuit a notice of attorney's lien under Colo. Rev. Stat. § 12-5-119, contending that she had represented Ms. Davis concerning her Title VII claims that were the subject of the lawsuit, and that Ms. Davis owed her attorney's fees under their fee agreement. Ms. Davis and Kutak Rock settled the lawsuit and filed a stipulated motion to dismiss. The district court dismissed, ordering that the amount asserted in Ms. King's notice of lien be deposited in the court registry. Thereafter, Ms. King moved to enforce her attorney's lien.

The district court granted her motion, first finding that although Ms. King did not personally appear in the case, her attorney's lien was based on work she did for the lawsuit, because filing and exhausting an EEOC charge is jurisdictionally required before a Title VII lawsuit may be filed. Thus, the court determined that Ms. King either obtained or assisted in obtaining relief for Ms. Davis and therefore

- 2 -

Ms. King had a valid attorney's lien under § 12-5-119. Further, the court found that it had supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate the attorney's lien because Ms. King's representation of Ms. Davis before the EEOC amounted to work done in the lawsuit. Lastly, the court found that Ms. King's motion to enforce the attorney's lien was timely under the six-year limitations period of Colo. Rev. Stat. § 13-80-103.5(1)(a). Recognizing, however, that the record was not sufficient to determine a reasonable amount of attorney's fees, the court directed Ms. King to file a motion seeking a specific amount of reasonable attorney's fees and afforded Ms. Davis an opportunity to file a response.

Ms. King moved for attorney's fees and costs in the amount of $17,998.95, and Ms. Davis responded. First, the district court decided that Ms. King's hourly rate of $300 was reasonable. Then the court considered whether the hours she billed were reasonable and tied to Ms. Davis' ability to obtain relief in the lawsuit. Given that some of the hours were tied to Kutak Rock's allegation that Ms. Davis engaged in unethical conduct and that the ethics issues were partially separate from the EEOC issues,

> the court [was] left to find a way to award reasonable attorney fees reasonably tied to the investigation and filing of EEOC charges on behalf of Ms. Davis, and other work concatenated to the EEOC proceedings. Such an award *per force* must exclude work done by Ms. King related to Ms. Davis's attorney ethics proceedings or potential proceedings, but not related directly to proceedings before the EEOC. Given the record in this case – and is often the case – it is not possible to make that division with surgical precision.

Aplt. App. at 135. The court concluded that a minimum of 80% of Ms. King's hours were tied to the investigation and filing of the EEOC charges. Applying a 20% reduction, the court awarded Ms. King $14,414.

ANALYSIS

*Supplemental Jurisdiction*

Ms. Davis argues that the district court lacked supplemental jurisdiction to rule on Ms. King's motion to enforce because she sought "fees . . . for nothing related to the underlying litigation, but for other matters unrelated to the litigation." Aplt. Br. at 11. Additionally, Ms. Davis asserts that Ms. King's work was not integral to the lawsuit.[1]

We review the district court's decision to exercise supplemental jurisdiction for an abuse of discretion. *See Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) (reviewing district court's decision to dismiss supplemental claims for abuse of discretion). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *McEwen v. City of*

---

[1]     Without more, Ms. Davis asserts that the parties should have had an opportunity to litigate whether any part of Ms. King's fee request was precluded by her negligence and/or breach of duties. We conclude the issue is so undeveloped as to be waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

*Norman, Okla.*, 926 F.2d 1539, 1553-54 (10th Cir. 1991) (internal quotation marks omitted).

"[F]ederal courts have no jurisdiction without statutory authorization." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Supplemental jurisdiction is allowed by 28 U.S.C. § 1367. Section 1367(a) provides that: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

"Section 1367 does not speak to fee disputes." *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 543 (6th Cir. 2013). Nonetheless, we have held that "[d]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of [supplemental] jurisdiction." *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982) (emphasis omitted); *see also Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997) ("[A]lthough attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action."). An attorney need not personally litigate before the court to recover attorney's fees, so long as the claim derives from work done by the

- 5 -

attorney in the lawsuit being litigated. *See Garrick v. Weaver*, 888 F.2d 687, 690 (10th Cir. 1989).

It is indisputable that the EEOC's notice of right to sue was a jurisdictional prerequisite and an integral part of the lawsuit. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The lien had a direct connection to the lawsuit. We therefore conclude that the district court did not abuse its discretion in exercising supplemental jurisdiction over Ms. King's related attorney's-lien claim.

*Statute of Limitations*

Next, Ms. Davis argues that Ms. King's motion to enforce the lien was time-barred because the three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(a), rather than the six-year statute of limitations, *id*. § 13-80-103.5(1)(a), applies to Ms. King's attorney's lien. Ms. Davis maintains that Ms. King should receive only an award of quantum meruit[2] fees because no evidence establishes a contract between her and Ms. King. Thus, she contends that the motion to enforce was untimely because it was filed in April 2011 for fees incurred before April 2008.

Section 12-5-119 does not contain a statute of limitations for enforcing an attorney's lien. *See In re Marriage of Mitchell*, 55 P.3d 183, 186 (Colo. App. 2002) (declining to decide what statute of limitations applies). Section 13-80-101(1)(a)

---

[2]    "[Q]uantum meruit is an equitable theory of recovery that exists independent of any contract." *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 287 P.3d 842, 849 (Colo. 2012).

establishes a three-year limitations period for "[a]ll contract actions . . . except as otherwise provided in section 13-80-103.5"; whereas § 13-80-103.5(1)(a) establishes a six-year limitations period for "[a]ll actions to recover a liquidated debt or an unliquidated determinable amount of money due . . . ." "Section 13-80-103.5 applies only when there is a contract between the parties." *Pound v. Fletter*, 39 P.3d 1241, 1243 (Colo. App. 2001).

Contrary to Ms. Davis' assertion, there was a contract between her and Ms. King. Attached to the notice of lien, was a letter setting out the fee agreement between Ms. Davis and Ms. King.[3] Under their agreement, Ms. King would charge Ms. Davis by the hour for work performed on her claims against Kutak Rock. An attached fee schedule indicated that Ms. King charged $300 per hour for her work. Also, the letter requested a $1,000 retainer. Nothing in the record before us indicates that Ms. Davis ever objected to the letter. She paid the retainer. Apparently, she and Ms. King proceeded as client and attorney for about a year, with Ms. Davis accepting Ms. King's legal services and receiving her bills. The bills showed an hourly rate and time, and Ms. Davis made some payments on the bills.

Establishing a contract does not end the analysis; we also must consider whether Ms. King has a "liquidated debt" or "an unliquidated determinable amount

---

[3] We recognize that there is no evidence of a signed fee agreement. But, in Colorado, one is not required. *See* Colo. RPC § 1.5(2)(b) ("When the lawyer has not regularly represented the client, the basis or rate of the fee and expenses shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.").

of money due." Colo. Rev. Stat. § 13-80-103.5(1)(a). Although the statute does not define these terms, the Colorado Court of Appeals has held that typically a debt is "liquid" if the amount due can be determined by computation. *Rotenberg v. Richards*, 899 P.2d 365, 367 (Colo. App. 1995) (deciding that attorney's "claim based upon [client's] express agreement to pay him at the rate of $100 per hour is a claim of the nature described in § 13-80-103.5"). That is so here, where the letter sent by Ms. King to Ms. Davis sets forth the method to determine the amount due by multiplying the hours worked by the hourly rate. *See id.* at 368. Thus, Ms. Davis' agreement to pay Ms. King $300 per hour for the work she would perform falls under § 13-80-103.5. We therefore conclude that the six-year statute of limitations applies, and the lien is not time-barred.

*Ms. King's Assistance in Obtaining the Settlement*

Ms. Davis asserts that Ms. King did not prove that she assisted in obtaining the settlement between Ms. Davis and Kutak Rock. Ms. Davis disputes the district court's finding that the filing of the EEOC charges alone was sufficient to meet the assistance requirement; rather, she contends that the court should have taken the further step to determine whether Ms. King actually assisted in obtaining the settlement and whether the fees requested by Ms. King were incurred to assist in obtaining the settlement.

Under Colorado law, Ms. King had a lien for fees Ms. Davis owed her on any judgment she assisted in obtaining "in whole or in part." Colo. Rev. Stat.

- 8 -

§ 12-5-119; *see also N. Valley Bank v. McGloin, Davenport, Severson & Snow, Prof'l Corp.*, 251 P.3d 1250, 1253 (Colo. App. 2010). Section 12-5-119 itself does not require that Ms. King personally appear in the lawsuit in order to enforce an attorney's lien. Nor was there a requirement that she actually participate in the settlement. *See Cope v. Woznicki*, 140 P.3d 239, 241 (Colo. App. 2006) (deciding attorneys' lien attached to settlement proceeds where lien arose from attorneys' work done before they withdrew, even though they did not negotiate settlement). Ms. King bore only the burden to prove that she came within § 12-5-119. *See In re Marriage of Mitchell*, 55 P.3d at 185. Because exhausting the EEOC charges was jurisdictionally required before Ms. Davis could file a Title VII lawsuit, such exhaustion in and of itself showed assistance by Ms. King.

Under the circumstances presented here, Ms. King met her burden. We cannot say that the district court abused its discretion in enforcing the attorney's lien. *See MCI Constructors, Inc. v. Dist. Ct. of Pueblo Cnty.*, 799 P.2d 40, 45 (Colo. 1990) (reviewing order enforcing attorney's lien for abuse of discretion).

*Discovery and Evidentiary Hearing*

Ms. Davis faults the district court for failing to allow discovery or to hold an evidentiary hearing. If granted an evidentiary hearing, she maintains that she would have been able to present evidence showing that Ms. King's conduct impeded her ability to settle. Moreover, according to Ms. Davis, denial of a hearing denied her

- 9 -

due process rights because Ms. King presented evidence in a reply brief that she was not allowed to rebut.

In her response to the motion to enforce the attorney's lien, Ms. Davis requested leave to file a counterclaim and affirmative defenses and to conduct discovery. In her response to Ms. King's motion for attorney's fees, Ms. Davis requested an evidentiary hearing in the alternative if the court entered an award in excess of $1,200. But these requests did not comply with the requirement of Fed. R. Civ. P. 7(b)(1) and D.C. Colo. L. Civ. R. 7.1(d) that motions be made in separate documents. Nor did they comply with the Rule 7(b)(1)(B) requirement that the motions "state with particularity the grounds for seeking the order." Because Ms. Davis did not follow these rules, we cannot say that the district court abused its discretion in not allowing discovery or an evidentiary hearing. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) (recognizing district court's decision regarding holding evidentiary hearing is reviewed for abuse of discretion); *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995) (entrusting discovery matters to district court's discretion).

*Amount of Fees Awarded*

Ms. Davis argues that the district court abused its discretion by not considering the relevant factors set forth in *Robinson*, 160 F.3d at 1281, to determine the reasonableness of the award of fees. Also, she faults the court for not determining the reasonableness of the number of hours claimed by Ms. King, especially since

- 10 -

Ms. King admitted her unfamiliarity with ethics law, yet she sought fees for all of the work she performed and the court did not reduce Ms. King's hourly rate due to her lack of knowledge.

We conclude that the district court did not abuse its discretion. *Garrick*, 888 F.2d at 690 (reviewing award of attorney's fees for abuse of discretion). The primary area of substantive law was employment, not ethics, law. As the district court found, much of the ethics issues were related to the EEOC retaliation charges. But, also as the court found, any work specifically related to ethics proceedings and not related to the EEOC proceedings should not be included in the award of attorney's fees. *Cf. In re Estate of Benney*, 790 P.2d 319, 323 (Colo. 1990) (stating that lien includes fees incurred to obtain judgment, but does not include fees for legal work not related to judgment). Thus, it was within the district court's discretion to make the 20% reduction, and the court "adequately explained its reasons for so doing." *Iqbal v. Golf Course Superintendents Ass'n of Am.*, 900 F.2d 227, 228 (10th Cir. 1990).

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge