Joseph G. Rosania, Jr., United States Bankruptcy Judge
This contested matter requires the Court to interpret and apply Colorado statute of limitations law to an installment promissory note to resolve a claims objection and confirmation of an amended chapter 13 plan. This issue has perplexed the courts in Colorado.
The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1334, and 28 U.S.C. Sections 157(b)(2)(B) and (L), because this core proceeding involves the allowance of claims and confirmation of a plan.
BACKGROUND
Jason Allen Eastman ("Eastman") filed a chapter 13 bankruptcy case on December 12, 2017. A secured creditor, NPL Capital, LLC ("NPL"), and the Chapter 13 trustee, objected to confirmation of Eastman's February 5, 2018 amended chapter 13 plan. The Chapter 13 trustee's February 7, 2017 objection contains several valid technical objections. For the reasons set forth below, this case will require a second amended chapter 13 plan.
Eastman owns and resides in real property in Colorado Springs he values at $152,000 (the "Property"). The Property is encumbered by a first mortgage in favor of Wells Fargo in the amount of $80,974 and a second mortgage in favor of NPL in the disputed amount of $64,738.
NPL filed a proof of claim for a secured claim in the amount of $64,738, Claim Number 2. NPL's proof of claim consists of principal in the amount of $36,632, interest in the amount of $21,790 and attorney's fees and expenses in the amount of $6,314.
Eastman has been employed by Safeway for twenty-four years. His monthly gross income is approximately $3,700. Eastman's amended chapter 13 plan provides for monthly payments of $360 to the Chapter 13 trustee for sixty months. Of the total $21,600 paid into the amended chapter 13 plan, Eastman proposes to cure NPL's default and pay NPL a total of $15,940 over fifty months through the amended chapter plan at the promissory note monthly payment rate of $373. The amended chapter 13 plan also contains a provision stating Eastman disputes NPL's claim and does not waive any claims he holds against NPL. NPL objected to confirmation on the basis the amended chapter 13 plan does not provide for payment of the full amount of its secured claim, $64,738.
Eastman's amended chapter 13 plan also provides he will make monthly mortgage payments in the amount of $916 directly to Wells Fargo.
Eastman signed a Promissory Note in the original principal sum of $40,000 dated April 3, 2007 made payable to GB Home Equity, LLC ("Note"). The Note is secured by a deed of trust recorded against the Property on April 17, 2007 ("Deed of Trust"). NPL is the holder of the Note and beneficiary of the Deed of Trust.
The Note required monthly installment payments of $373 beginning on May 7, 2007, and continuing monthly thereafter *602 with a maturity date of April 2027. The Note and Deed of Trust both provide they are governed by Colorado law and contain acceleration clauses. Since Eastman's last installment payment on the Note was the February 2010 installment payment, NPL filed a foreclosure action on the Note and Deed of Trust on July 7, 2017, which led Eastman to file the chapter 13 case after he contested the foreclosure action in state court. The sole purpose of the Chapter 13 case is to "save the house" since the amended chapter 13 plan pays zero to unsecured creditors.
After the filing of the amended chapter 13 plan, Eastman objected to NPL's claim on the bases that a portion of the claim is barred by the applicable statute of limitations for installment payments in Colorado and he disputes the reasonableness of NPL's pre-petition attorney's fees and expenses. NPL responded to the claims objection. Since the statute of limitations portion of the claims objection contested matter presents a legal issue, the Court requested briefs from the parties. In summary, the Court is considering partial summary judgment on the legal statute of limitations issue presented in the claims objection.
QUESTION PRESENTED
The issue is whether the six-year statute of limitations in Colorado of C.R.S. Sections 13-80-103.5(1)(a) and 13-80-108(4) requires the disallowance of all or part of NPL's secured claim.
ANALYSIS
11 U.S.C. Section 502(b)(1) provides the bankruptcy court shall allow a claim except to the extent it is unenforceable against the debtor or property of the debtor under applicable law. A proof of claim filed in accordance with Fed.R.Bankr.P. 3001 constitutes prima facie evidence of the validity and amount of such claim. The objecting party has the burden of going forward with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations of the proof of claim. An objection raising legal issues only is sufficient. Once the objecting party has reached this threshold, the ultimate burden of persuasion of the validity and amount of the claim rests upon the claimant. In re Richter, 478 B.R. 30, 40-41 (Bankr. D. Colo. 2012). Eastman has raised the legal issue of whether the note is enforceable under applicable Colorado law and the ultimate burden of persuasion falls on NPL.
C.R.S. Section 13-80-103.5 (1)(a) provides a six-year statute of limitations to recover a liquidated debt.
C.R.S. Section 13-80-108(4) provides a cause of action for debt accrues on the date such debt becomes due.
C.R.S. Section 38-39-201 provides any lien on real property created by a mortgage shall cease to be a lien, fifteen years after the date on which the final payment is due.
Eastman argues that statutes of limitations are generally favored in the law and that the six-year statute of limitations in Colorado begins on the date of each missed installment payment. Thus, he reasons that the six-year statute of limitations expired for the missed installment payments from March 2010 through July 2011, since the debt was not accelerated until July 2017. Although he does not state it with specificity, he seeks a reduction in the amount of NPL's claim of $2,621 ($373 times seventeen months) and presumably a reduction of associated interest. He contends that since the Note was not accelerated until the filing of the foreclosure in July 2017, NPL is barred by the six-year statute of limitations from ever collecting *603 the seventeen monthly installments from March 2010 through July 2011.
Eastman cites In re Church , 833 P.2d 813 (Colo. App. 1992) in support of his position. In Church , the promissory note was due in fifteen annual installments commencing on June 10, 1984 and maturing June 10, 1998. No payments were made and the lender foreclosed on September 28, 1990. The Colorado Court of Appeals in Church held that when an obligation is payable in installments, a separate cause of action arises on each unpaid installment and the statute of limitations begins to run on each installment when it becomes due and the rule applies when the holder of the note possesses the option to accelerate and declare all installments due in the event of a single default but fails to do so. The Colorado Court of Appeals held, under this principle, the debtor was in default on the note for each payment (within six years of September 28, 1990), the date of foreclosure and acceleration and it so limited the creditor's claim and held that recovery of the June 10, 1984 payment was time barred.
Conversely, NPL contends that the six-year statute of limitations did not begin to run until it accelerated the debt in July 2017, by initiating foreclosure proceedings. NPL also argues that since the six-year statute of limitations did not expire with respect to any of the installment payments due under the Note, the amount of its secured claim is not reduced and it has fifteen years to foreclose the Deed of Trust.
NPL cites Hassler v. Account Brokers of Larimer County, Inc., 274 P.3d 547 (Colo. 2012) and Castle Rock Bank v. Team Transit, LLC, 292 P.3d 1077 (Colo. App. 2012) in support of its position. In Hassler ; the debtor financed the purchase of a vehicle with an installment note. The first payment was due November 2000 and the debtor defaulted in April 2001. The creditor repossessed the vehicle in October 2001 and sold it at auction in June 2002. Then, suit was brought on the deficiency balance owed on the note in May 2008. The suit was commenced less than six years after the auction sale of the vehicle but more than six years from the date of default. The Colorado Supreme Court opined that although the six-year statute of limitations runs from the date of the default of each installment, when an obligation to be repaid in installments is accelerated, the entire remaining balance of the loan becomes due and the statute of limitations is triggered for all installments that had not previously become due. It held that the date of acceleration was October 2001, when the vehicle was repossessed and the six-year statute of limitations expired October 2007, before the action was filed in May 2008, so the action was time barred. The dissent argued the date of the auction sale was the acceleration date and the action was not time barred.
Thus, Hassler holds that when an installment note is accelerated, the entire unpaid balance becomes due and the creditor has six years from the date of acceleration to sue on the debt. Applied here, all debt owed under the Note became due when it was accelerated by NPL in July 2017.
Castle Rock Bank also supports NPL's position. In Castle Rock Bank , there were two installment notes in question, one with a maturity date of December 2006 and one June 2009. The last payment made on the notes was in August 2002. The creditor did not accelerate but sued for the unpaid balance in June 2009. The Colorado Court of Appeals ruled that the suit was not barred by the six-year statute of limitations since it was brought within six years of when the unpaid principal balance came due, the maturity dates on the notes.
*604 The Colorado Court of Appeals in Castle Rock Bank provided an excellent analysis of the three options of the holder of an installment note in default. First, the creditor could file suit on each installment missed within six years of the date of the missed installment (this is the conclusion of Church ). Second, as in this case, the creditor could accelerate the note and demand payment in full of the unpaid balance. This is the holding of both Hassler and Castle Rock Bank and to the extent Church holds that the statute expires for an individual instalment payment after six years when the note is later accelerated, it has been implicitly overruled. Third, the creditor could sue for the unpaid principal balance within six years of the maturity date of the note.
Here, NPL accelerated the debt and demanded payment in full in July 2017, before the maturity date of April 2027. Hence, the entire amount became due in July 2017, even though there were seventeen months of missed installment payments for which the six-year statute of limitations had expired if NPL had decided to sue on each such missed installment.
This holding is consistent with of two recent Colorado federal court cases, Froid v. Ditech Financial, LLC, 2018 U.S. Dist. LEXIS 23377, 2018 WL 835041 (D. Colo. 2018) and Davis v. Wells Fargo Bank, 2017 U.S. Dist. LEXIS 167150, 2017 WL 4516830 (D. Colo. 2017). In Froid , Ditech mailed a letter to Froid erroneously indicating the statute of limitations on its debt expired. Froid sued Ditech for a declaratory judgment that the lien on his real property was extinguished because the six-year statute of limitations in Colorado to enforce the lien expired. The Court granted Ditech's motion to dismiss Froid's complaint for failure to state a claim upon which relief may be granted that the statute of limitations had expired, since the maturity date of the note was October 25, 2030 and the note was never accelerated.
In Davis , the Court granted Wells Fargo's motion to dismiss a complaint by Davis that the six-year Colorado statute of limitations expired and a foreclosure was therefore time barred. In Davis , Wells Fargo held a note and deed of trust encumbering real property. The last payment Davis made on the note was January 1, 2008, the loan was in default by February 2, 2008 and the maturity date was June 1, 2036. Wells Fargo accelerated the note by foreclosing on June 12, 2008. Wells Fargo withdrew the June 12, 2008 foreclosure and two other foreclosures. Finally, on April 23, 2014 it filed a fourth foreclosure. Davis argued the six-year statute of limitations was triggered on February 2, 2008 and the statute of limitations expired on February 3, 2014, before the April 23, 2014 foreclosure, so the foreclosure was time barred.
The Court ruled the note was not accelerated until June 12, 2008, the date the first foreclosure action was filed and that since the six-year statute of limitations was triggered on June 12, 2008, the foreclosure on April 23, 2014 was within six years of June 12, 2008 and the foreclosure was not time barred.
CONCLUSION
NPL has satisfied its ultimate burden of persuasion on the legal issue and Eastman's objection to NPL's claim on the basis of applicable Colorado law is OVERRULED. Eastman is ordered to file a second amended Chapter 13 plan which resolves the technical objections of the chapter 13 trustee set forth in paragraphs 1 through 3 of the chapter 13 trustee's objection with thirty days of the date of this order, failing which the case may be dismissed.
*605 Dated this 20th day of July, 2018, nunc pro tunc to July 12, 2018.